## APRIL TERM, 1885. 503

Townsend v. The Chas. H. Heer Dry Goods Company.

Townsend v. The Chas. H. Heer Dry Goods Company,
*Appellant.*

1. **Note : PRESENTMENT FOR PAYMENT.** Where a note is payable at no particular place and is presented for payment to the maker in person, the place of the presentation is immaterial.

2. ———: ———: **INDORSER.** Where a note is payable at a particular place, it must be presented there to render an indorser liable.

3. ———: **NOTICE OF DISHONOR.** A variance which is not misleading, between the notice of dishonor and the note, will not affect the sufficiency of the notice.

4. **Negotiable Note, Action on : PLEADING.** A petition in an action against an indorser on a negotiable promissory note must state facts from which it may appear to the court that the note was a negotiable one.

*Appeal from Greene Circuit Court.*—Hon. W. F. Geiger, Judge.

REVERSED.

*Francis H. Sheppard* for appellant.

(1) Proof of demand at the place stated in the note is essential as between endorsee suing and endorser sued. 1 Danl. Neg. Ins., 478 ; Parsons on Notes and Bills, 431 ; *Glasgow v. Pratt,* 8 Mo. 336 ; *Faulkner v. Faulkner,* 73 Mo. 327 ; *Sebree v. Doer,* 9 Wheat. 558. Mere knowledge is not notice. 7 Danl. Neg. Ins. 29. (2) Any indorser may give notice to any prior indorser, provided his own liability has been fixed by a correct notice, or if he has paid the note in the hands of a subsequent holder. But a voluntary payment in such case is equivalent to a gift, and does not put the endorser so paying on ground from which he can notify prior endorsers. 2 Danl. Neg. Inst. (1 Ed.) secs. 988, 989, pp. 42 and 43 and cases cited. (3) If the petition does not show that the

paper sued on was payable to order or to bearer, a consideration must be pleaded, or else no cause of action is stated.    R. S., sec. 663, p. 107.    (4) When a corporation is sued on its written contract, made in its corporate name, it is estopped to deny its corporate existence ; yet such estoppel does not excuse the pleader from setting up the incorporation together with the accompanying facts.    On the contrary the estoppel depends upon the averments.    Bliss Code Pl. (1 Ed.) sec. 254, p. 303, sec. 259, p. 307, sec. 260, p. 308 ; 25 Mo. 17 ; 60 Mo. 252 ; 62 Mo. 247 ; and 70 Mo. 471, are all suits by corporations, in which incorporation was pleaded. See *Jones v. Tuller*, 38 Mo. 66. In the present case the corporation is defendant.    (5) The words "order" and "value received" are all essential in Missouri when declaring on negotiable paper, and if omitted the pleading shows no cause of action on negotiable paper.    R. S., sec. 547, p. 85, sec. 548, p. 86 ; 1 Daniel Neg. Ins. (1 Ed.) p. 85, sec. 108, note 1 ; *Jaccard v. Anderson*, 32 Mo. 188 ; *Lindsay v. Parsons*, 34 Mo. 422 ; *Simmons v. Belt*, 35 Mo. 464 ; *Stilwell v. Craig*, 58 Mo. 30 ; *Bailey v. Smock*, 61 Mo. 218, 219 ; *Stix v. Matthews*, 63 Mo. 371 ; *Bateson v. Clark*, 37 Mo. 31, is overruled by *Bailey v. Smock*, 61 Mo. 218, 219, but even if not, the petion does not contain the word "negotiable" or its equivalent.    (6) In an action against the assignor of non-negotiable paper, the pleader must aver that the maker was sued at the first term of court at which suit could have been brought, or else must show a legal excuse for not suing.    Lacking these averments, the petition contains no cause of action on non-negotiable paper.    R. S., p. 107, sec. 665 ; *Jaccard v. Anderson*, 32 Mo. 188 ; *Simmons v. Belt*, 35 Mo. 465 ; *Bailey v. Smock*, 61 Mo. 219 ; (7) Exhibits form no part of the petition.    *Chambers v. Carthel*, 35 Mo. 374 ; *Dyer v. Krager*, 37 Mo. 603 ; *Deitz v. Corwin*, 35 Mo. 376 ; *Curry v. Lackey*, 35 Mo. 390 ; *Peake v. Bell*, 65 Mo. 224 ; *Baker v. Berry*, 37 Mo. 306 ; *Phillips v. Evans*, 64 Mo. 17.

Townsend v. The Chas. H. Heer Dry Goods Company.

*J. R. Vaughan* and *S. H. Boyd* for respondent.

(1) The presentment for payment of the note sued on to the maker was properly made and proven. 2 Daniel Neg. Ins. 567; *King v. Crowell,* 61 Me. 244; 1 Parsons on Notes and Bills, 421. (2) The mere fact of giving notice to a person implies that the latter is looked to for payment. 4 Cent. L. J. 267; Story on Notes, sec. 353; 2 Daniel Neg. Ins., sec. 985. (3) The notice may be verbal. *Glasgow v. Prattle,* 8 Mo. 336; *Linville v. Welch,* 29 Mo. 203. (4) An immaterial variance in the description of the note, or any kind of misdescription, unless the same be misleading, will not vitiate the notice. *McCune v. Bell,* 38 Mo. 281; 2 Daniel Neg. Ins., secs. 979 and 980. (5) An agent of the holder or a party to the paper dishonored can give notice of such dishonor. *Bk. v. Vaughan,* 36 Mo. 90; 4 Cent. Law Jour. 267. (6) An endorser can give such notice to any prior endorsers. Story on Notes, 83 c., 302; *Glasgow v. Prattle,* 8 Mo. 336; *Stix v. Mathews,* 63 Mo. 371; *Griffith v. Assman,* 48 Mo. 66. (7) The instrument sued on imports a consideration, and hence the latter need not be averred. *Taylor v. Newman,* 77 Mo. 257. (8) A corporation may in general be declared against by what purports to be a corporation name without alleging it to be incorporated or setting forth how it acquired that name, and by appearing and filing an answer and other papers in its corporate name; by giving an appeal bond in its corporate name, and affixing its corporate seal, it admits its corporate charter and is estopped from denying it. *Seaton v. Chicago, R. I. & P. R. R. Co.,* 55 Mo. 416; *Smith et al. v. Burlington & Mo. R. R. Co.,* 55 Mo. 526; *Willhouse v. Atl. & Pac. R. R. Co.,* 64 Mo. 523; *Hudson v. St. L., K. C. & N. R. R. Co.,* 53 Mo. 525; Boone on Corporations, sec. 153, p. 227.

Per CURIAM.—This was a suit on the following note :
"$187.28.              SPRINGFIELD, Mo., Oct. 3, 1881.

"Sixty days after date I promise to pay to the order
of Chas. H. Heer Dry Goods Company One Hundred,
Eighty-Seven and 28-100 dollars at my office in Seligman,.
Mo., value received.

"(Signed)          W. G. NEELY."

"(Endorsed.)        Pay to the order of L. S. Moor.

"CHAS. H. HEER DRY GOODS CO.

"By Chas. H. Heer, Jr., Secretary and Treasurer.

"L. S. MOOR."

The petition is as follows :

"Plaintiff states that on the the third day of October,
1881, the defendant W. G. Neely made and delivered
to the said Chas. H. Heer Dry Goods Company his prom-
issory note in the sum of $187.28, which is herewith filed,.
payable at the office of said defendant Neely, in Selig-
man, Mo., in sixty days after date, and dated October
3, 1881, and that subsequently the said Chas. H. Heer
Dry Goods Company endorsed the said note and deliv-
ered the same to one L. S. Moor, and that the said L. S.
Moor delivered and endorsed the same to the plaintiff.
That when the said note became due, said plaintiff had
the same duly presented for payment at the offce of said
Neely in Seligman, Mo., and the same not being paid,
notice of non-payment and of such demand was duly given
to said dry goods company and the said Moor. That
said sum of $187.28, with interest at the rate of six per
cent. per annum from December 5, 1881, and also four
per cent. on the said sum due on said note and charges,
on account of protest in the sum of $2.50 are due the
plaintiff and for which said plaintiff asks judgment."

The dry goods company alone answered, and is alone
the appellant. Its answer was a general denial. There
was judgment for the plaintiff, from which the defendant
appealed to this court.

The evidence clearly tended to prove that the transfers of the note were genuine and all before maturity; that when due it was presented by the witness Wilkerson to Neely the maker, for payment, "at Neely's place of business or thereabouts. I am not certain whether it was in his store, or at the door of it, or somewhere in the vicinity." Neely did not pay, but said the note was presented, but he was unable to pay. The witness Wilkerson's testimony then clearly tended to show that he personally gave written notice to Neely and Moor, and sent also by mail copies of the notice to the dry goods company and to Townsend and the First National Bank.

The defendant then read in evidence the notice received by it, as follows:

"SELIGMAN, Mo., December 5, 1881.

" *To the First National Bank, Springfield, Mo.:*

"Please take notice that one promissory note, drawn by W. G. Neely in favor of C. H. Heer Dry Goods Company, dated on the third day of October, 1881, and due December 5, 1881, payable at his office in Seligman, endorsed by C. H. Heer, L. S. Moor, W. H. A. Townsend, and R. L. McElhany, for One hundred, Eighty-Seven and 28-100 Dollars, the said note having been presented at the request of Adams Express Company, the holder, to W. G. Neely at his office in Seligman, Mo., and payment thereof demanded and refused, is protested for non-payment, and that the holder looks to you for payment thereof and for damages, expenses," etc.

Upon the application of plaintiff the court gave the following instructions which were objected to by the defendant company: "That in the notice of dishonor of a promissory note, an unintentional variance in the description of the note will not vitiate the notice, if under all the circumstances of the case the notice is not misleading and identifies the note with reasonable certainty."

"That an endorser of a promissory note is a proper and competent person to give notice to any prior endorser of a demand, and the dishonor of payment of a promissory note."

The following declarations asked by the defendant company were refused:

"The court declares the law to be that to recover upon a negotiable promissory note against the endorser, the holder suing must prove a demand of payment at the place designated in the note for payment. That plaintiff has failed to show such demand in this case and can not recover."

"That to recover against the endorser of negotiable paper, the holder must show a legal notice to such endorser. That in this case the only written notice in evidence to the defendant endorser informs him that the holder looks to the First National Bank for payment, damages, and costs, and that though such a document may convey knowledge, it will not impart notice, and on such notice plaintiff cannot recover."

I. When a note payable at no designated place is presented personally to the maker, and payment refused, the place is not material. Especially if no objection as to place is made by the maker. 1 Danl. Neg. Ins., secs. 638, 643; *King v. Crowell*, 61 Mo. 244. But the liability of an endorser of a bill or note made payable at a particular place, is dependent upon a different rule. In such case the presentment must be at the place named in the note. 1 Danl. Neg. Ins., sec. 644. In the case at bar the evidence tended strongly to show that the presentation was at the specified place, and the court sitting as a jury so found; that finding we will not disturb.

II. The notice was, we think, sufficient. 2 Danl. Neg. Ins. sec., 985; Story on Prom. Notes, sec. 353. There is no misleading variance between the note and notice. 2 Danl. Neg. Ins., secs. 979, 980. And there is nothing in the fact that the notice was given, and the note presented

for payment by a justice of the peace. There can be no doubt that a notice from the agent of the holder or endorser will be sufficient. 4 Cent. L. J. 267; *Bk. Mo. v. Vaughan*, 36 Mo. 91.

III.   It is insisted by the appellant that the petition does not state facts sufficient to constitute a cause of action, in that it does not aver that the instrument sued on is a negotiable promissory note; or rather the petition does not state the necessary facts from which it appears to the court that it is a negotiable note. The note itself was filed with the petition, and was read in evidence and is payable to the order of the payee, and expresses on its face to be for value received; and under the statute, (sec. 547, R. S.) is a negotiable note. The petition nowhere alleges that the instrument sued on was made payable to the payee or order, nor does it state that it was for value received, nor does it even state that it was a negotiable promissory note; but only that Neely made his "promissory note," payable, etc.

In *Jaccard v. Anderson*, 32 Mo. 183, the petition averred "that Washington King, by his negotiable note herewith filed, dated April 16, 1856, promised to pay to defendant or his order," etc. The court say: "The operative words in a negotiable note under the law of this state are 'for value received, negotiable and payable without defalcation,' and their employment in the instrument declared upon must appear in the petition in order to enable the court to see and pronounce the legal effect of such instrument." In *Bateson v. Clark et al.*, 37 Mo. 31, the petition was that "defendant made his negotiable promissory note in writing * * * by which he promised to pay to the order of defendants, two thousand dollars for value received," which was held sufficient as stating the negotiable quality of the note then sued on. In the case at bar, there is no approach to an allegation of facts showing the note to be negotiable. This seems not to be sufficient. Parsons on Notes and Bills, 474.

The doctrine announced in 32 Mo., *supra*, is reaffirmed in *Lindsay v. Parsons*, 34 Mo. 422 ; *Simmons v. Belt et al.*, 35 Mo. 461, and in the light of these authorities the petition in this case is not sufficient.

IV.　The instructions given for the plaintiff we think very correctly stated the law, and fairly presented the questions to the jury. The instructions refused, as prayed by the defendant, were properly refused, because to have given them would have taken the questions of fact from the jury. It was for the jury to say from the evidence whether demand had been made. The judgment of the circuit court is reversed and the cause remanded for the defect in the petition.