Jesse Johnson, Respondent, v. Henry Kaune et al.,
Appellants.

**Kansas City Court of Appeals, February 15, 1886.**

1. Gambling Contract—Settlement of Differences—Courts will
not Enforce.—If, when an agreement is made as to personal prop-
erty, no delivery is contemplated by either party, and it is *agreed*
that there shall be no exchange of equivalents, real or supposed,
but only a settlement of differences according to the fluctuations of
the market, and this is all that either party intends, and all that
they contract for ; this is simply a wagering contract, and the courts
will not enforce it for either party.

2. ———— Property Owned Immaterial in such Case.—The law of
the case is the same, in *such cases*, whether a specific something
then actually owned by one of the parties, and in view, is the sub-
ject of the sham sale and purchase, or whether the thing is not
identified—a thing of the kind and grade merely. If the mutual
understanding and intention of the parties is that the transaction is
to be closed by a settlement of differences according to the fluctua-
tions of the market, considerations of public policy render void the
gambling arrangement.

Appeal from Bates Circuit Court, Hon. James B.
Gantt, Judge.

*Reversed.*

Statement of case by the court.

This action, begun before a justice of the peace, is
for the recovery of the sum of one hundred and sixteen
$\frac{83}{100}$ dollars, alleged to be due from the defendants to
plaintiff as "profits on the sale of hogs made by plaintiff
on December 10, and by defendants sold for and on
plaintiff's account." An appeal was taken to the circuit
court. The facts, as testified by the plaintiff, are as fol-
lows: The defendants owned three car loads of hogs,
and had them on the cars in transit to Kansas City, con-
signed to their commission men at said point for sale on
their account, when, on December 10, 1883, the plaintiff

and defendant Arnold met in a car upon the "Gulf" railroad. A verbal contract was then and there entered into between the parties with reference to the hogs. The contract was that if the defendant should receive for the hogs in the Kansas City market more than five and one-eighth dollars per hundred pounds, they should pay over the excess to plaintiff; if they should receive less than that price in that market, plaintiff should give them enough to make up the difference. To use the exact words of plaintiff: "If hogs had gone down, and these hogs had sold for less than five and one-eighth dollars per one hundred pounds, I was to make up to defendants the difference, and I expected to get all they sold for over that price."

The defendants sold and received for their hogs in the Kansas City market the sum sued for in excess of the sum which they would have received had the hogs been sold for five and one-eighth dollars per one hundred pounds.

This action is based upon the contract. The plaintiff contends that the contract is a contract of sale of the hogs by the defendants to him. The defendants contend that the contract is a wagering, or gambling contract, and, therefore, void. The trial court decided this question in favor of plaintiff.

DeArmond & Smith and W. T. Marsh, for the appellants.

I. There is no cause of action stated. Rev. Stat., sects. 2851, 2852, 3547.

II. The action cannot be maintained because of plaintiff's fraudulent misrepresentation and concealment of a material fact, inducing and entering into the agreement of the parties. Kerr on Fraud (2 Ed.) 47–64; Cooley on Torts, 477; Bigelow on Fraud, 6; *Raley v. Williams*, 73 Mo. 310; *Armstrong v. Winfrey*, 61 Mo. 354.

III. The action cannot be maintained against the

plea of the statute of frauds. 2 Parsons on Bills and Notes (Ed. 1871) 85-86 ; 2 Parsons on Cont. (5 Ed.) 623 ; Addison on Cont. (8 Ed.) 807 ; *Brock v. Maslin,* 69 Mo. 63.

IV.   The transaction was an option deal, and no recovery can be had upon it. *Cockrell v. Thompson,* 85 Mo. 509.

V.   Erroneous instructions were given, and proper instructions were refused and motion for new trial should have been sustained. See cases cited, part II., III., and IV.

Martin L. Brown, for the respondent.

. I.   There is a cause of action stated for money had and received. *Smith v. Monks,* 55 Mo. 106 ; *Quin v. Stout,* 31 Mo. 160.

II.   It is too late to raise this objection after appeal from judgment on a general appearance. *Sublit v. Noland,* 5 Mo. 516 ; *Beard v. Noland,* 44 Mo. 244 ; *Bush v. Deepenbock,* 20 Mo. 568.

III.   The instructions place the case more favorably than is warranted by the facts, and defendants cannot complain. *Prescott v. Wright,* 4 Gray (Mass.) 461 ; *Harris v. Taylor,* 24 Pa. St. 347 ; Story on Sales (4 Ed.) sect. 175.

Hall, J.—Is the contract in this case a wagering or gambling contract ?

In illustrating the difference between a contract of · sale and a wagering contract, Lewis, P. J., said : " Let us suppose a case in which, when the agreement is made, no delivery is contemplated by either party. It is, in fact, agreed that there shall be no exchange of equivalents, real or supposed. A settlement of differences, according to the fluctuations of the market, is all that either party intends, and all that they contract for. For the money that the seller is to receive, if any, he parts with nothing. For the money that the buyer is to pay,

if any, he gets nothing. The parties simply wage against each other a contract of skill in predicting future conditions of price. When settlement day comes, the winner pockets the proceeds, not merely without giving a *quid pro quo*, but without having incurred any obligation, in any contingency, so to do. This is simply a wagering contract from the beginning, whose demoralizing tendencies are so universally recognized that the courts will not enforce it for either party." *Williams v. Tiedeman*, 6 Mo. App. 275. See, also, *Kent v. Miltenburger*, 13 Mo. App. 507 ; *Waterman v. Buckland*, 1 Mo. App. 45, and *Buckingham v. Fitch*, 18 Mo. App. 91.

The fact that the hogs were, at the time of the contract, actually owned by the defendants, is immaterial, "and the law of the case is the same whether a specific something then actually owned by one of the parties, and in view, is the subject of the sham sale and purchase, or whether the thing is not identified, a thing of its kind and grade merely. If the mutual understanding, or intention of the parties is that the transaction shall be closed by a settlement of differences, according to the fluctuations of the market, and that the contract shall not in good faith be one of sale or purchase, considerations of public policy render void the gambling arrangement." *Cockrell v. Thompson*, 85 Mo. 509. It would be difficult to conceive a plainer case of a wagering contract than the contract in this case, according to the testimony of the plaintiff himself. The contract was void. Upon it the plaintiff has no right to recover.

The judgment is reversed. All concur.