CHARLES DAILEY, Respondent, v. F. J. SHARKEY, Appellant.

St. Louis Court of Appeals, February 28, 1888.

1. PROMISSORY NOTE—DEMAND OF PAYMENT.—When a promissory note is drawn payable at a named bank, demand of payment at such bank, at maturity, is sufficient to hold the endorser, and is, as to him, the only proper demand.

2. PLEADING—FORMER RECOVERY—JURISDICTION.—A plea setting up a former recovery before a justice of the peace, is technically bad if it fails to state that the justice had jurisdiction of the subject-matter. Proof offered to substantiate the plea is properly ruled out, if it affirmatively shows that the justice who rendered the judgment had no jurisdiction of the subject-matter. A judgment so rendered is void, and not available for the defence of former recovery.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

DAVID MURPHY, for the appellant: The note offered in evidence is made payable at the Mullanphy Savings Bank, while the one declared on does not mention any place of payment; the *allegata* and *probata*, therefore, do not correspond. And so with the proof of demand, the proof, and the finding of the court is, that no demand was made on John Sharkey, as averred, but on the cashier of the bank. *Price v. Railroad*, 72 Mo. 423; *Faulkner v. Faulkner*, 73 Mo. 327. The defence of former recovery is pleaded and sustained by proof offered by the defence. The cause of action against

these defendants is merged in the judgment. It has lost its vitality as a note, so far as this record shows, and another judgment cannot be had against either of the judgment debtors under the pleadings and the proof in this case. *Cooksey v. Railroad*, 74 Mo. 77.

A. M. SULLIVAN and FRANK K. RYAN, for the respondent: The court properly excluded the justice's transcript. *Deshon v. Liffler*, 7 Mo. App. 595. The omissions in the petition of an allegation of presentment and demand of payment "at the Mullanphy Savings Bank," does not, on the record here presented, constitute a material variance. Gen. Stat., secs. 3565 to 3570, inclusive, and sec. 3583. An affidavit setting forth in what respect a party has been misled, is the only test under our statute of the materiality of the discrepancy between *allegata* and *probata*. *Turner v. Railroad*, 51 Mo. 501; *Fisher v. Max*, 49 Mo. 404. No objection was made by the appellant to the introduction of the note upon the ground of the want of such an allegation; but upon the sole ground that the *allegata* and *probata* differed. Under such circumstances it is the duty of the appellate court to refuse a reversal upon this ground. Gen. Stat., sec. 3586; *Henslee v. Cannefax*, 49 Mo. 295.

ROMBAUER, J., delivered the opinion of the court.

This is an action upon a promissory note for three hundred dollars, by the holder against the endorser. The execution of the note and endorsement are admitted. Two defences are interposed, want of presentment for payment and notice of dishonor, and a former recovery.

Upon the trial of the cause before the court without a jury, there was judgment for plaintiff. The defendant, appealing, assigns for errors that there was a failure of proof, and that the court erred in not sustaining his plea of former recovery.

The first exception arises under the following facts:

The note sued on was payable, by its terms, at the Mullanphy Bank, and there was testimony tending to show that payment was demanded there at maturity and refused, of which fact the defendant was notified. The petition states that personal demand was made of the maker, and when the plaintiff offered to prove a demand at the bank, the defendant objected on the ground of a variance between the allegation and proof.

Proof of demand at the bank was sufficient to hold the endorser, and was, as to him, the only proper demand. *Townsend v. Dry Goods Co.*, 85 Mo. 503. Even if there had been a substantial variance, on which question we express no opinion, the matter is not properly before us for review. Rev. Stat., sec. 3565, 3566; *Ferris v. Thaw*, 5 Mo. App. 279; s. c., 72 Mo. 446; *Knapp, Stout & Co. v. Joy*, 9 Mo. App. 575. This exception, therefore, is not well taken.

The plea of former recovery is technically not well pleaded. It fails to state, in express terms, that the justice rendering the judgment had jurisdiction of the subject-matter. *State to use v. Brooke*, — Mo. App. —. It does state the true facts, leaving the court to determine the question of jurisdiction, which is all that the pleader could truthfully do. The proof offered to substantiate the plea was properly ruled out, because it affirmatively appears by such proof that the justice had no jurisdiction of the subject-matter. Rev. Stat., sec. 2836; *Deshon v. Leffler*, 7 Mo. App. 595. The justice's judgment was not erroneous, but absolutely void, and, therefore, subject to collateral attack, and in fact a nullity. *Fithian v. Monks*, 43 Mo. 520, and cases cited. The note could not merge in a judgment which never had any legal existence. It results that the second exception is equally untenable.

All the judges concurring, the judgment is affirmed.