Gronfier v. Puymirol.

## GRONFIER *et als.* v. PUYMIROL *et als.*

WHERE a minor resides out of the State, the notice to be given to all persons interested, on the application of a party to be appointed guardian of such minor, is matter for the exclusive judgment of the Probate Judge. The manner in which, and the period for which, the notice shall be given, are subject entirely to his direction—with, perhaps, the right of appeal to the Supreme Court from the order of appointment.

Third persons cannot question the validity of such order upon an allegation that the notice of the hearing of the application for the appointment of the guardian, under the statute, was insufficient.

In this case, a purchaser at a judicial sale of partnership real estate filed his petition to be relieved from the purchase, on the grounds : first, that a nonresident minor was interested in the property, and that his general guardian, who represented him in the suit resulting in such sale, was appointed without sufficient notice having been given of the hearing of the application ; and second, that a guardian *ad litem* ought to have been appointed : *Held*, that the notice having been according to the direction of the Probate Judge, the appointment of general guardian was properly made, the sale was valid, and the purchaser will not be relieved ; and that no guardian *ad litem* was required.

Where the Court does not specially appoint a guardian *ad litem* for a particular action, it is the duty of the general guardian to appear for his ward.

The provisions of sections nine and ten of the Civil Practice Act, relative to the appointment of guardians *ad litem* where infants are parties, only apply where there is no general guardian, or where he does not act.

Where the interests of the minor require it, the Court in which an action is pending will appoint a guardian *ad litem*, even though the minor may have a general guardian.

APPEAL from the Twelfth District.

The facts are stated in the opinion of the Court.

*E. L. Goold*, for Appellants.

*Hoge & Wilson and Whitcomb, Pringle & Felton*, for Respondents.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action commenced by the plaintiffs as devisees of Adolph Gronfier, deceased, against the surviving partners of the late firm of Gronfier, Jeune & Co., to obtain a settlement of the affairs of the copartnership, a sale of its effects, and a distribution

of the proceeds.    The other defendants, besides the surviving part-
ners, were either heirs at law of the deceased, or interested in his
estate.    They all appeared in the action—the defendant Adolph
Leon Gronfier by his general guardian, Eugene Lies—and by con-
sent the action was referred to a referee to try the issues and report
a judgment.    The referee finding it difficult to adjust the shares
and proportions of the different parties until the assets were con-
verted into cash, reported to the Court all the facts of the case,
excepting the state of the accounts, and recommended an interloc-
utory decree for the sale of the assets, and that further proceedings
be deferred until the amount of the cash assets produced by the
sale were ascertained.    By consent of the parties, such decree was
entered, and a commissioner appointed to conduct the sale upon
specified terms.    At the sale which followed, the petitioner Landry
became the purchaser of certain real estate situated within the city
of San Francisco.    He now refuses to comply with his purchase,
and files his petition to be relieved from the same, alleging that by
reason of certain irregularities in the proceedings in the action he
will not obtain a good title to the premises.    The irregularities al-
leged arise from the appointment of Eugene Lies as general guard-
ian of the infant Adolph Leon Gronfier without, as claimed, suffi-
cient notice to parties interested in the estate ; and from the fact
that Lies, if properly appointed such general guardian, was never
appointed to appear as guardian *ad litem* for the infant in the ac-
tion.    The Court below held the sale of the premises legal and
binding, and denied the prayer of the petitioner ; and hence the
present appeal.

1. The petition to the Probate Judge, upon which Lies was ap-
pointed general guardian, represented that the infant and his
parents were at the time citizens and residents of France ; and
the order appointing Lies was made after notice of the time and
place of hearing the petition was given to all persons interested,
by publication, pursuant to the direction of the Judge, in a daily
newspaper of the city, for the period of five days.    The objection
taken to the order, and the only objection, is that the notice was
insufficient to enable the infant and his parents to learn of the pro-
ceedings, and to appear and oppose the same.    We do not think

Gronfier *v.* Puymirol.

the objection tenable.   The statute authorizes the Probate Judge of each county, when it shall appear to him necessary or convenient, to appoint guardians of minors, who have no guardian appointed by will, and who are residents of the same county, or *who reside out of the State having any estate within the county.* (Act to Provide for the Appointment and to Prescribe the Duties of Guardians, of April 19th, 1850, sec. 1.)   It also provides that if the minor be under the age of fourteen years, the Probate Judge may nominate and appoint the guardian, but if above the age of fourteen, he may nominate his own guardian, who, if approved by the Judge, shall be appointed accordingly, (Same Act, sec. 2) but that if such nomination be not approved, *or if the minor reside out of the State,* or if, after being duly cited, he shall neglect for ten days to make a suitable nomination, the Judge may nominate and appoint the guardian in the same manner as if the minor were under the age of fourteen (Same Act, sec. 3) ; and that when any minor " shall reside without this State, and shall have any estate therein, any friend of such person, or any one interested in his estate in expectancy, or otherwise, may apply to the Probate Judge of any county in which there may be any estate of such absent person, and after notice given to all persons interested, *in such manner as the Judge shall order,* and after a full hearing and examination, if it shall appear to him proper, he may appoint a guardian for such absent person." (Same Act, sec. 43)   This last provision places the manner in which the notice shall be given— and the manner includes, also, the period for which it shall be given—subject entirely to the direction of the Probate Judge. Instances may frequently arise where immediate action may be necessary for the protection of the interests of the minor, and where the friendly relation of the applicant or the identity of his interest with that of the minor in the estate, may be so clearly established or be so well known to the Probate Judge as to justify notice of a very limited period.   It is a matter for the exclusive judgment of the Probate Judge, subject, perhaps, to review on appeal to this Court from the order of appointment.   It is true, injury to the interests of the minor may sometimes follow in such cases from the appointment of an unsuitable person, but he has his

remedy upon the bond of the guardian for any improper conduct in the management of his estate. Third persons cannot question the validity of the order upon any allegation that insufficient notice was given of the hearing of the application for the appointment under the statute.

2. As Lies was general guardian, there was no occasion for his special appointment as guardian *ad litem* in the action. As general guardian he was authorized—indeed, it was his duty—to appear for his ward. The statute declares that the guardian " shall appear for and represent his ward in all legal suits and proceedings, unless where another person is appointed for that purpose as guardian or next friend." (Same Act cited above, sec. 16.) The provisions of the Civil Practice Act relating to the appointment of guardians *ad litem* where infants are parties, (secs. 9 and 10) only apply where there is no general guardian, or where he does not act. Cases frequently arise where the interests of the minor are best subserved by the special appointment ef a guardian *ad litem*, even though he may have a general guardian. In such cases the Court would make a special appointment; and the act concerning guardians, to which we have referred, expressly reserves the power of the Court in this respect. (Sec. 11.) But where the Court does not specially appoint for the particular action, the general guardian may appear, and it is his duty to appear for his ward.

Order affirmed.