LOUIS L. ANGELL, Appellant, *vs.* VASHTI W. ANGELL.

A statute provided, "No order, judgment, or decree of a court of probate or town council, which may be appealed from, or in any collateral proceeding, when the same shall not have been appealed from, shall be deemed to be invalid or quashed for want of proper form, or for want of jurisdiction appearing upon the face of the papers, if the court or council had jurisdiction of the subject matter of such order or decree."

*Held*, that under this statute a judgment is to be upheld as *primâ facie* valid, even when the record does not show by allegations or recitals the existence of the jurisdictional facts necessary to its validity.

While this statute was in force the Court of Probate of the town of N. appointed a guardian upon a petition which neither alleged that the person to be put under guardianship resided in N. or had a legal settlement there, nor alleged any legal reason for the appointment of a guardian. In fact, the Court of Probate had jurisdiction to appoint the guardian.

*Held*, that the appointment was valid.

The appointment was made after notice given by newspaper publication only. The statute provided that in the appointment of guardians notice shall be given by citation served by reading it to the intended ward if to be found, or by leaving an attested copy at his last and usual place of abode, or by advertisement for fourteen days, once a week at least, in some newspaper published in the State.

*Held*, that the statute was constitutional, and that the notice by newspaper publication was sufficient without personal notice to the intended ward.

APPEAL from the Probate Court of North Providence. On motion to dismiss the appeal.

The appellee, Vashti W. Angell, moved to dismiss the appeal: *first*, because the appellant had not been duly appointed guardian of the appellee by the Probate Court; and *second*, because there was no guardian, the previously appointed guardian having died.

*July* 12, 1884. DURFEE, C. J. The only question raised by the motion of the appellee is whether the appointment of the appellant as guardian of the person and estate of Vashti W. Angell, the appellee, was valid. The appointment was made by the Court

of Probate of the town of North Providence under an application which, as originally filed, was as follows, to wit:

"*To the Honorable Court of Probate of the Town of North Providence:*

"Respectfully represent the subscribers that they are creditors of the estate of Vashti W. Angell, that they believe that said estate cannot be properly managed and applied in payment of their debts and other liabilities without the appointment of a guardian.

"They therefore respectfully ask that Henry Staples, or some other suitable person, be appointed such guardian, believing him to be a trustworthy and capable and a person every way suitable to discharge the duties of said office.

(Signed) " JOSEPH B. KNOWLES,
" ANDREW J. SMITH."

The notice given on this application was a notice "to all persons interested in the appointment of a guardian over the person and estate of Vashti W. Angell of said North Providence," and the application, before being acted on, was amended by adding the words " of said estate," after the word " guardian " at the end of the first clause, and the words " of the person and estate of the said Vashti W. Angell," between the words " guardian " and " believing " in the final clause. No question is made in regard to the propriety of the amendments, which are stated inethe record to have been made with the assent of all interested parties.

The appointment is attacked on two grounds: *first*, because the application was fatally insufficient. The application was clearly defective. It does not allege that Vashti W. Angell either resided in North Providence or had her legal settlement there; nor does it allege any ground for the appointment of a guardian. The question is, was the appointment invalid in consequence of these defects. The record would, without doubt, be insufficient at common law, unless it could be aided by extrinsic testimony; for the Court of Probate of North Providence, being a court of inferior jurisdiction, its record, under the common law rule, ought to show affirmatively the existence of the facts which were necessary to authorize the appointment. The question, however, is to be decided under our statute, Pub. Stat. R. I. cap. 181, § 5, which pro-

vides that " No order, judgment, or decree of a court of probate or town council, which may be appealed from, or in any collateral proceeding, when the same shall not have been appealed from, shall be deemed to be invalid or be quashed for want of proper form, or for want of jurisdiction appearing upon the face of the papers, if the court or council had jurisdiction of the subject matter of such order or decree."

The provision is that the judgment, if the court have jurisdiction of its subject matter, shall not be deemed to be invalid, " for want of jurisdiction appearing upon the face of the papers;" which means, as we construe the language, that the judgment shall be upheld as *primâ facie* valid, even when the record does not show affirmatively, by express allegations or recital, the existence of the particular jurisdictional facts which are necessary to its validity. For instance, the courts of probate of the several towns have jurisdiction to appoint guardians of the person and estate of certain classes of persons who reside or have their legal settlement in such towns. Suppose a guardian were appointed of the person and estate of some person, by the court of probate of the town where such person resided or had his legal settlement, and the record should fail to show affirmatively the fact of residence or settlement; in such case under our construction the appointment would be valid notwithstanding the omission, and would be presumed to be valid without any extrinsic evidence of the fact. So if the record should fail to show any ground for the appointment, it would nevertheless be presumed that there was some good ground on which the appointment was made, until the contrary was shown. And so in the case at bar we think the appointment must be regarded as *primâ facie* valid, notwithstanding the record does not show, otherwise than inferentially from the notice, that Vashti W. Angell either resided or had her legal settlement in North Providence, or that there was any statutory ground for the appointment.

The ground of this construction is that the Court of Probate had jurisdiction of the subject matter of the judgment; *i. e.* the appointment of a guardian of the person and estate of Vashti W. Angell. See *Angell* v. *Probate Court of North Providence*, 11 R. I. 187. The construction is broad, but we do not see how we could

narrow it without holding that, notwithstanding the statute, the jurisdictional facts, except the fact that the proper notices were duly given, must all appear on the record. Such a construction, it seems to us, would be too strict to carry out the apparent purpose of the statute and to remedy the evils which it was probably designed to remedy. We think it fair to assume that the purpose of the statute in this respect was to communicate to the judgments and decrees of our probate courts and town councils the presumptions which attach to the judgments and decrees of courts of superior jurisdiction, in regard to which the common law rule is that, in collateral proceedings, the jurisdiction will be presumed, if it could have existed, unless the contrary appears. Freeman on Judgments, § 124 ; *Potter* v. *Merchants' Bank*, 28 N. Y. 641, 656 ; *Foot* v. *Stevens*, 17 Wend. 483 ; *Withers* v. *Patterson*, 27 Texas, 491 ; *Voorhees* v. *The Bank of the United States*, 10 Pet. 449 ; *Galpin* v. *Page*, 1 Sawyer, 309, also 18 Wall. 350.

The probate courts of Ohio are, by the law of the State, courts of superior or general jurisdiction. *Sheldon* v. *Newton*, 3 Ohio St. 494 ; *Shroyer* v. *Richmond & Staley*, 16 Ohio St. 455. In *King* v. *Bell*, 36 Ohio St. 460, it appeared that B. was appointed guardian of G., an infant and a person of unsound mind, but the record was silent as to the ground on which the guardian was appointed. He continued to act as guardian for several years after G. came of age, and was recognized as the guardian of G. by the probate court after she came of age. In an action on the guardian's bond it was held that, as the court had jurisdiction to appoint a guardian on the ground of lunacy as well as infancy, the presumption was that the guardian was appointed on both grounds. The counsel for the appellee contends that the case at bar is distinguishable from *King* v. *Bell*, because there was a ground alleged, though not a valid one, in the case at bar. We think, however, that the representation of the creditors who signed the application for the appointment of a guardian, that they " believe said estate cannot be properly managed and applied to the payment of their debts and other liabilities without the appointment," is rather to be regarded as the representation of their reasons for applying, than as the statement of a ground for appointment. It appears by the record that the appellee had already had two guardians of her person and estate, the

second of whom had recently died, when the appellant was appointed. The probability is that the appellant was appointed as successor to the second, and on the ground on which the second had been appointed. It cannot be supposed that the Court of Probate would appoint a guardian of the person and estate of said Vashti merely because two of her creditors *believed* that her estate would not be properly managed, &c., without the appointment. The motion cannot be granted on the ground first assigned.

*Second,* because the appellee was not personally notified of the application under which the appellant was appointed. The statute provides that in the appointment of guardians notice shall be given by citation served, either by reading it to the intended ward, if to be found, or by leaving an attested copy at his last and usual place of abode, or by advertisement of the notice for fourteen days, once a week at least, in some newspaper published in the State. Pub. Stat. R. I. cap. 180, §§ 2–4. The notice here was by publication only. Its sufficiency is not questioned, if notice in that mode is valid. Clearly it is valid unless the statute is unconstitutional. The counsel for the appellee contends that it is unconstitutional, because under it a person may be deprived of his liberty and property without due process of law, by being put under guardianship without actual notice. He cites numerous cases which hold that a judgment without notice or without notice duly given is void, but no case which holds that notice by publication is invalid, when given by authority of a statute, to a resident of the state in which the statute was enacted. We are not prepared to say that notice so given is invalid. It is true the party entitled to it may never see it ; but so, too, the party may never see it if the notice be given by leaving an attested copy at his last and usual place of abode ; and we are not aware that the validity of notice in the latter mode, when authorized by statute, has ever been questioned. In *Beard* v. *Beard*, 21 Ind. 321, Mr. Justice Perkins expresses the opinion, after much research, that the legislature has power to authorize judgments for alimony against citizens of the State upon notice by publication, though it cannot authorize such judgments upon such notice against the citizens of another state. A similar opinion has been expressed by other courts, and we are not informed that a contrary opinion has been

expressed by any court. *Matter of the Empire City Bank*, 18 N. Y. 200, 215; *Rockwell* v. *Nearing*, 35 N. Y. 302, 314; *Mason* v. *Messenger*, 17 Iowa, 261; *Happy* v. *Mosher*, 48 N. Y. 313, 317; *Nations* v. *Johnson*, 24 How. U. S. 195; *Gronfier* v. *Puymirol*, 19 Cal. 629. In Ohio a proceeding for the appointment of a guardian is regarded, not as an adversary proceeding *inter partes*, but as a proceeding *in rem*. *Shroyer* v. *Richmond & Staley*, 16 Ohio, 455, 465. Undoubtedly a personal notice to the intended ward would be better and more consonant with the usual course of judicial procedure than a notice by publication only, and moreover, since the Fourteenth Amendment, under which the question may be carried to the Supreme Court of the United States, would be safer; but nevertheless our conclusion is that the appointment of the appellant was valid, notwithstanding the want of personal notice to the appellee, notice having been given by publication, as authorized by the statute.                      *Motion dismissed.*

*Louis L. Angell, pro se ipso.*