[No. 14452.   In Bank. — March 26, 1892.]

WESTERN LUMBER COMPANY, RESPONDENT, *v.*
EMMA A. PHILLIPS ET AL., APPELLANTS.

INFANCY — PARTIES — JURISDICTION OF PERSON — APPEARANCE OF GENERAL GUARDIAN — GUARDIAN AD LITEM. — The appearance of a general guardian is sufficient to give the court jurisdiction of the persons of infant defendants, and the fact that no guardian *ad litem* was appointed for them is immaterial.

ID. — PLEADING — JOINDER OF INFANTS IN COMMON ANSWER. — Where infant defendants have no separate or special defense, no separate or special answer need be filed in their behalf, but joinder in a common answer with the other defendants is sufficient.

ID. — WAIVER OF FINDINGS BY INFANTS. — The provision of section 634 of the Code of Civil Procedure, to the effect that findings may be waived by the several parties to an issue of fact, includes all parties, and applies to infants as well as adults.

FORECLOSURE OF MECHANIC'S LIEN — JUDGMENT AGAINST CONTRACTOR — APPEAL BY OTHER DEFENDANTS. — Other defendants appealing from a judgment foreclosing a mechanic's lien cannot object to the sufficiency of the form of a judgment against the contractor, who does not appeal, and by which the appellants are not prejudiced.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Thomas J. Carran*, for Appellants.

*Wilson & Bulla*, for Respondent.

BELCHER, C. — This is an action to enforce a lien for materials furnished for and used in the construction of a building on land owned by the defendant Emma A. Phillips. The defendant Gifford was the contractor to erect the building, and, under contract with him as the duly authorized agent of the owner, the materials were furnished by plaintiff. The other defendants were made parties to the action because they claimed to have some interest in the land sought to be subjected to the lien. Gifford failed to appear, and his default was duly entered. Two of the other defendants were minors, who were regularly served with summons, and appeared and

answered by their general guardian. The defendants joined in the same answer, and the only issues tendered thereby were as to the furnishing and use of the materials, and as to the sum which would constitute a reasonable attorney's fee.

At the trial, witnesses were sworn and examined on both sides, and at the conclusion of the testimony, findings were waived and the case submitted. Thereafter the court made and entered its decree, whereby, after stating that it appeared to the court that all the allegations of the complaint were true, except as to the amount which should be allowed as attorney's fee, and that judgment should be entered in favor of the plaintiff for the sums named, aggregating $759.37, and that the same was a lien on the premises described, it was ordered, adjudged, and decreed that the said premises, or so much thereof as might be necessary to raise the amount due the plaintiff, be sold, etc., and that out of the proceeds of the sale the sheriff, after deducting his costs and commissions, pay to the plaintiff the amount found due him, with interest thereon from the date of the decree; and that if the proceeds should be insufficient to pay the whole amount found due, with interest, costs, and expenses of sale, then that the clerk of the court, on the coming in of the return, docket a judgment against Gifford for the amount of the deficiency.

From this judgment all of the defendants except Gifford appeal on the judgment roll.

The only points made for a reversal are: 1. That no guardian *ad litem* was appointed for the minors; 2. That the general guardian did not answer specially for the minors, but joined in a common answer with the other defendants; 3. That the minors could not waive findings of fact; 4. That there was no personal judgment against the contractor, Gifford.

We see no merit in either of these points. When an infant is a party to an action, he may appear by his general guardian. (Code Civ. Proc., sec. 372.) A general guardian is authorized — indeed, it is his duty — to

appear for his ward. (*Gronfier* v. *Puymirol*, 19 Cal. 629; *Smith* v. *McDonald*, 42 Cal. 484.) And the appearance of a general guardian is sufficient to give the court jurisdiction of the persons of the infant defendants. (*Richardson* v. *Loupe*, 80 Cal. 499.)

It is not pretended that the minors had any separate or special defense, and we know of no rule of law or pleading requiring in such a case that a separate and special answer be filed in their behalf.

The code provides that findings may be waived by the several parties to an issue of fact. (Code Civ. Proc., sec. 634.) This provision includes *all* parties, and must be held to apply to infants as well as adults. But in this case the court did, in effect, make and recite findings of fact and conclusions of law therefrom in the judgment.

The judgment was sufficient in form against Gifford, but if not, the appellants were not prejudiced thereby.

We advise that the judgment be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.