NICHOLS & SHEPARD COMPANY, Appellant, v.
HUBERT et al.

### Division One, June 14, 1899.

1. **Pleading**: WHAT AN AVERMENT IS. A mere recital that plaintiff
is informed and believes that a judgment debtor transferred his prop-
erty to another for the purpose of defrauding and delaying his
creditors, is not a sufficient allegation on which to ground a cause of
action. The petition must charge—must aver, allege, state—such to
be the fact. The statute makes no provision for charging facts on
information and belief except in alternate pleading, and then the
fact must be positively alleged, coupled with an averment of plain-
tiff's belief in one or the other alternative so alleged.

2. **Bill of Discovery.** A creditor who has reduced his demand to a
judgment may bring a suit in equity to disclose the debtor's interest
in property held in the name of another, without first selling the
land under execution.

*Appeal from Clark Circuit Court.*—HON. E. R.
MCKEE, Judge.

AFFIRMED.

HUGHES & ROBERTS and O. S. CALLIHAN for appellant.

(1) A creditor, having reduced his demand to judg-
ment, may bring a suit in equity to disclose the debtor's
interest in property held in the name of another, without first
selling the land on execution. Wait on Fraud. Convs.
(2 Ed), sec. 60; Fowler's Appeal, 87 Pa. St. 454; Central
Bank v. Doran, 109 Mo. 51; Woodard v. Mastin, 106 Mo.
324. (2) To fix and settle defendant's interest in equity
first, and sell afterwards, is the true equitable method. Wood-
ard v. Mastin, 106 Mo. 324.

BERKHEIMER & DAWSON for respondents.

(1) The petition does not state and charge as a fact that
Hubert has an equity in the land which could be subjected to

the payment of the judgment, but only that the plaintiff is informed and believes he has. It does not charge and allege as a fact that Hiller and Hubert had a written contract that will disclose their respective interests in the land, and that it was withheld from the record for the purpose of hindering, delaying and defrauding the creditors of Hubert, but that plaintiff is so informed and believes. The petition must charge as a fact the grounds of action or relief. Clark v. Clark, 86 Mo. 114; Kneeper v. Bloomanthal, 107 Mo. 66; Ensworth v. Benton, 60 Mo. 511; Lants v. King, 93 Mo. 513; Beckman v. Ins. Co., 49 Mo. App. 604; Benedict v. Burnham, 60 Mo. 219; Field v. R. R. Co., 76 Mo. 614; R. S. 1889, sec. 2039. And the same rule in both equitable and legal actions. Clark v. Clark, 86 Mo. 114. (2) The sufficiency of a pleading is now tested by the code of practice, and not by the rules of the common law, unless specifically provided. Elfranks v. Seiler, 54 Mo. 134; Miller v. Railroad, 105 Mo. 455; Rush v. Brown, 101 Mo. 586; Globe Light & Heat Co. v. Doud, 47 Mo. App. 439. (3) Fraud is an affirmative fact and must be so charged as well as all of the acts constituting the fraud. Chandler v. Fleeman, 50 Mo. 239; Warren v. Richey, 128 Mo. 311; Martin v. Estes, 132 Mo. 402. (4) If such a contract was ever in existence, the statute provides an ample remedy to obtain the same and inspect it. R. S. 1889, sec. 2181.

HUGHES & ROBERTS and O. S. CALLIHAN for appellant in reply.

The court will notice that the averment is positive that a written contract existed which would disclose the interest of said Hubert and that such contract was withheld from record for the purpose of keeping the Hubert title secret and for hindering, delaying and defrauding his creditors. The prayer is that the defendants be required to answer and set forth the contract existing between them and that on such disclosure

the rights of the parties be determined. This certainly is all that plaintiff can truthfully aver. It knows of a contract, that it has been kept from record, that it will disclose the interest of the respective parties and that such contract is in the hands of said defendants. Plaintiff can do no more than aver upon its information and belief that there is an interest remaining in defendant, Hubert, and asks that it be determined. The rule was early established in this State in Owens v. Criger, 2 Mo. 39, that matters peculiarly in the knowledge of one party more that the other must be pleaded by such party and this is the rule of pleading generally. Bliss on Code Plead. (2 Ed.), sec. 310; Elsworth Coal Co. v. Quade, 28 Mo. App. 421; Battel v. Crawford, 59 Mo. 216.

BRACE, P. J.—This is an appeal from the judgment of the circuit court of Clark county sustaining a general demurrer to the following petition:

"Now comes plaintiff and for its third amended petition by leave of court, states and avers:

"First. Plaintiff is a private corporation organized and existing under and by virtue of the laws of the State of Michigan, and was such, at the dates hereinafter mentioned.

"Second. On or about the 10th day of April, 1894, plaintiff duly recovered in this court a judgment against the defendant, John A. Hubert, for the sum of $635.42, together with 8 per cent per annum interest from said date until paid, which judgment is duly entered of record in the records of this court in record book Q., at page 155.

"Third. No part of the judgment aforesaid has ever been paid. John A. Hubert is insolvent, and has no property subject to seizure and sale upon execution.

"Fourth. On or about the 19th day of November, 1894, the said defendant, John A. Hubert, was the owner of the following described tracts of land, to wit; the north two-thirds of the northeast fourth of the northwest quarter and the north

two-thirds of the northeast quarter of section thirty-two and the north two-thirds of the northwest fourth of section thirty-three, and the southwest fourth of the northeast quarter of section thirty, all in township sixty-four, range six, west, in the county of Clark, and State of Missouri, subject to a deed of trust duly executed and delivered to one Charles Hiller, as trustee, to secure to one James W. Summers the payment of $2,800, which said deed of trust is duly recorded in book "O" at page 529 of the records of trust deeds in the office of the recorder of deeds in and for Clark county, Missouri.    On said date, to wit, November 19, 1894, pursuant to notice as provided by said deed of trust, said Charles Hiller, as trustee, duly sold the real estate aforesaid at public sale to one H. M. Hiller, one of the original defendants in this suit, for the sum of $3,280, and the said H. M. Hiller became the absolute and unqualified owner of said real estate, so far as appears from the records of deeds and titles of Clark county, Missouri.

"Fifth.    Plaintiff is informed and believes that the defendant, John A. Hubert, has some interest in equity in and to the real estate aforesaid, but the extent of such interest plaintiff can not state.    Plaintiff is informed and believes that the said H. M. Hiller, although apparently the absolute and unqualified owner of the same, is merely a trustee holding the legal title of said real estate for the benefit of himself and the defendant, John A. Hubert.    That at the time of the sale and purchase by him as aforesaid, he and the defendant, John A. Hubert, entered into a written contract, which will disclose the extent of their respective interests in said land.    That said written contract was duly acknowledged and could have been filed for record, but was held from record and kept secret and concealed for the purpose of hindering, delaying and defrauding the creditors of the defendant, John A. Hubert, and especially this plaintiff.

"Sixth.    Since the commencement of this suit the said H. M. Hiller departed this life testate, leaving as his sole

heirs at law his widow, the said Sarah F. Hiller, and his children, the said Charles, Hiram, Samuel S. and George Hiller, and Hattie Lapsley. Said Sarah F. Hiller is the duly appointed executrix of the estate of said H. M. Hiller.

"Seventh. Plaintiff has no adequate remedy at law in the premises.

"Wherefore it prays the court that the defendant be required to answer touching the matters set forth in this petition, and disclose the contract existing between the defendant, John A. Hubert and the said H. M. Hiller, deceased, in the matter of the real estate aforesaid; that upon such disclosure the right of the said Hubert and the defendants, heirs of said H. M. Hiller, be established and defined by a decree of this court; that it be decreed that plaintiff is entitled to subject the interest, if any, of the defendant Hubert in said land to the payment of its judgment aforesaid.

"That in case it shall find that the defendant heirs of the said H. M. Hiller, deceased, have any interest in and to said real estate, the said interest be determined both as to the defendant, John A. Hubert, and this plaintiff, and prays the court for such other and further relief as to equity and good conscience belongs. And plaintiff further prays that it have and receive from the defendants, the costs of this suit."

Counsel for plaintiff contends that the court committed error in sustaining the demurrer to the plaintiff's petition because "a creditor having reduced his demand to judgment may bring a suit in equity to disclose the debtor's interest in property held in the name of another without first selling the land on execution." We are not advised by the record what view the court below took of this proposition. It is evidently sound, supported by authority [Woodward v. Mastin, 106 Mo. 324; Central Bank v. Doran, 109 Mo. 40; McGregor-Noe Hardware Co. v. Horn et al., 146 Mo. 129], and is not disputed by counsel for the defendant, whose contention is that the petition is defective in that it does not charge as a fact that

Nichols & Shepard Co. v. Hubert.

Hubert has any equity in the land, nor that Hiller and Hubert had a written contract that would disclose that fact and their respective interests in the land, etc., but only that the plaintiff is informed and believes such to be the facts. It is apparent upon the face of the petition that this contention is well grounded. While the first four paragraphs of the petition state and aver facts, the form of averment is changed in the fifth and the pleader then alleges that he is informed and believes the facts therein recited, and as these recited facts are essential to plaintiff's cause of action, the defect is fatal unless this form of averment is permissible under the Code. The statute requires in a petition a plain and concise statement of the facts constituting the cause of action. [R. S. 1889, sec. 2039.] A statement of information and belief as to facts is not within the meaning of this statute. "Facts should be stated, alleged, averred, and not given by way of recital. [Bliss on Code Pleadings (3 Ed.), sec. 318.] "Every substantive fact . . . should, under the practice act be alleged so that an issue can be made thereon." [Lanitz v. King, 93 Mo. loc. cit. 519.] The issue tendered here is not as to the existence of these facts essential to plaintiff's cause of action, but as to the plaintiff's information and belief of their existence as facts. The statute makes no provision for charging facts on information and belief in a petition, except in alternative pleading, and then the fact must be positively alleged, coupled with an averment of the plaintiff's belief in the one or the other alternative so alleged. [R. S. 1889, sec. 2071.] Even if such provision had been made, this form would not be sufficient. The facts would have to be charged as facts on information and belief so that an issue could be joined on them.

The petition did not state facts sufficient to constitute a cause of action, and the court did not err in sustaining the demurrer. Judgment is therefore affirmed.

All concur.