The matter is before us on an agreed statement of facts which respondent concedes are correctly *Page 217 
summarized in appellant's brief, as follows: "In the year 1892 Clara Henning, the widowed mother of these minors, died testate in the city and county of San Francisco. By her last will, which was duly admitted to probate, she appointed George C. Shreve, of San Francisco, and David A. Henning, of the state of South Carolina, guardians of the persons and estates of these minors. Shreve and Henning accepted the trust and duly qualified October 20, 1892. On the first day of December, 1892, David A. Henning obtained an order of court permitting him to remove these minors to the residence of their grandparents, Isaac L. and Mary Henning, in the city of Sommerville, state of South Carolina, which was also the residence of said David A. Henning, there to remain until further order of court. The children were thereupon removed by their guardian to South Carolina, where they have ever since lived, either with their grandparents, or with their guardian, David A. Henning. In October, 1893, George C. Shreve died, and on the third day of August, 1894, David A. Henning filed his written resignation of his trust as guardian of the minors, and a petition for his discharge. On the fourteenth day of August, 1894, his resignation was accepted by the court, and an order made and filed settling his account and granting his discharge. This order made no provision as to the care, custody, or residence of these minors, and at the time when the order was made they were still living in South Carolina. On the seventeenth day of August, 1894, Mary E. De Cora, the respondent herein, filed a petition praying for her appointment as guardian of the persons and estates of these minors. The appellant answered this petition, denying that these minors were residents of the city and county of San Francisco. On the twenty-third day of March, 1897, an order was made granting the petition of respondent, and David A. Henning appeals to this court from so much of this order as appoints respondent guardian of the persons of these minors." The children are aged ten and twelve years, respectively.
It should be added that, by order of the court, notice of the hearing of respondent's petition was served upon Henning as well as the minors, and no question is raised as to the service. Henning appeared by answer and at the hearing by counsel. *Page 218 
1. Respondent suggests in limine that Henning ought not to be heard without first bringing the minors within the jurisdiction of the court, because on his application they were removed to South Carolina "there to remain until further order of the court," and because, when respondent's petition was filed, Henning had been discharged as guardian. There is an allegation in his answer that he was, when the petition was filed, guardian of the persons and estate of the minors by order of a court of competent jurisdiction in South Carolina duly given and made. There was no objection made in the lower court to the appearance of Henning and the order of the court required service of notice upon him that he might appear; and he has never been ordered to bring the minors to California, so that he is in no default in that regard. Under the circumstances we see no reason why he should not be heard on this appeal.
2. The only error specified is that the evidence is insufficient to justify the finding and decision that the said minors were residents of this state when the order was made, and that the order appointing a guardian of the person of the minors is void. The code provisions upon the subject of appointing guardians are as follows: "A guardian of the person and estate . . . . may be appointed by will or by deed, to take effect upon the death of the parent appointing." (Civ. Code, sec. 241) "A guardian of the person or property, or both, of a person residing in this state, who is a minor . . . . may be appointed in all cases, other than those named in section 241 by the superior court, as provided in the Code of Civil Procedure." (Civ. Code, sec. 243) "A guardian of the person is charged with the custody of the ward, and . . . . may fix the residence of the ward at any place within the state, but not elsewhere, without permission of the court." (Civ. Code, sec. 248)
In the present case, guardian Shreve died and Henning resigned and was discharged. Section 1801 of the Code of Civil Procedure provides for such resignation and authorizes the court to appoint another guardian in the place of the one resigning. "The superior court . . . . may appoint guardians for the persons and estates, or either of them, of minors who *Page 219 
have no guardian legally appointed by will or deed, and who are inhabitants or residents of the county, or who reside without the state and have estate within the county," etc. (Code Civ. Proc., sec. 1747)
One of the guardians appointed by the will having died and the other having resigned and been discharged, the minors were without guardians appointed by will, and the court had jurisdiction to appoint, under the provisions of section 1747 of the Code of Civil Procedure, unaffected by the sections of the Civil Code referred to; the power was the same as if no appointments at all had been made by will; the death of one and resignation of the other guardian terminated the guardianship.
Respondent relies upon Gronfier v. Puymirol, 19 Cal. 629, to support the order made here, but the legal soundness of the appointment need not rest upon that case. The parents of the minors were, at their death, domiciled here, and their domicile became the domicile of their children. As infants they were incapable themselves of changing their domicile, and as there is no evidence that it was changed by anyone having authority, or at all, for that matter, their domicile is still in the city and county of San Francisco. (Woerner's Law of Guardianship, sec. 26, p. 80.) There is nothing in the record to show for what purpose the children were taken to South Carolina, and the order permitting their removal to that state, "to remain until the further order of the court," indicates no intention to surrender jurisdiction of their persons; on the contrary, the order implies the retention of such jurisdiction. The fact that Henning was discharged without being ordered to return the wards to this state gives rise to no presumption that the court had abandoned its jurisdiction over the persons of the wards; their domicile still remained in San Francisco. They are absent from the state, but there is no evidence tending in any way to show that their residence in South Carolina is anything but temporary. We cannot presume that their domicile is changed, nor can we presume that their residence has become permanent in South Carolina. Whatever presumptions are indulged upon these questions must be in favor of the jurisdiction.
Appellant cites numerous cases to show that it is a question of residence and not domicile which determines the *Page 220 
power of the court to appoint a guardian of the person; that the code authorizes the appointment of guardians for the persons and estates of minors who are "inhabitants or residents of the county," but that neither of these terms is equivalent to domicile. The argument seems to be that the residence of the minors became fixed in South Carolina under the permission of the court, and as the guardian was allowed to resign without himself voluntarily having returned the wards to this jurisdiction, and as he was not ordered to do so, and is not now subject to any such order, the wards are no longer within this jurisdiction. Mr. Woerner, at the page of his valuable treatise already cited, says: "The residence of infants conferring the jurisdiction in the sense of these statutes [statutes giving jurisdiction where the residence is within the county] means domicile, or home, as distinguished from residence, which may be temporary, or for a special purpose." However this may be, the word "domicile" certainly includes residence, conceding, as is the fact, that there may be a temporary residence separate from the domicile and at the same time (Woerner's Law of Guardianship, 82); and as we think the evidence and the presumptions fix both the domicile and the residence of these children at San Francisco, we cannot see that the cases relied upon have application.
What may be or should be held in the event that a guardian of the persons should be appointed in South Carolina, and that the best interest of the minors should require that they permanently take up their abode in that state, and application should be made under the provisions of our code by their guardian appointed in that state to allow the removal of any property situated in this state, susceptible of removal, to the state of the ward's residence, are questions which may be remitted to the tribunal before which they may come. The parties in interest may have the assurance that our courts will be governed by the enlightened spirit of comity which should prevail between sister states of the Union, subject to such legislative restrictions as our statutes impose and agreeably to established rules of law.
For the foregoing reasons the order is affirmed. *Page 221