(No. 5710. October 9, 1931.)

CARL G. PETERSON, Sometimes Signed CARL PETER-
SON, an Insane Person, by and Through His Next
Friend and Guardian Ad Litem, P. C. O'MALLEY, Re-
spondent, v. JANE R. HAGUE, CHARLIE JOHN
and SADIE JOHN, His Wife, LAVA HOT SPRINGS
STATE BANK, a Corporation, BEN C. MADILL,
A. W. MILLER, and CHARLES M. BELL, Appellants.

[4 Pac. (2d) 350.]

Coffin & Zener for Appellants.

P. C. O'Malley and H. R. Turner, for Respondent.

VARIAN, J.—Respondent Carl G. Peterson brought this action to quiet title to certain real property situate at Lava Hot Springs, in Bannock county. On December 21, 1918, respondent and his wife, Ermina Peterson, executed their promissory note to the Lava Hot Springs State Bank for $600, and to secure the same executed a mortgage covering the property in controversy, which mortgage was duly recorded. Thereafter, on July 13, 1920, respondent was adjudged insane and confined to the State Asylum at Blackfoot. On December 30, 1921, he was paroled from said

asylum but not discharged as cured. Thereafter, on December 3, 1928, the probate court denied respondent's petition to be restored to sanity, and adjudged him still insane. On August 9, 1920, Charles M. Bell was duly appointed guardian of respondent's estate, and was thereafter duly discharged as such guardian on August 14, 1924, since which time respondent has had no general guardian.

On February 3, 1923, said Bell, as guardian aforesaid, executed and delivered to one Jane R. Hague his promissory note for $600, and his mortgage upon the premises involved in this action, to secure the same, without authority of the probate court as provided by statute. (Sess. Laws 1919, chap. 57, p. 167.) No release of the mortgage of the Lava Hot Springs State Bank was ever recorded, although a release executed February 5, 1923, was received in evidence.

About the time he petitioned for his discharge as guardian, Bell filed his final account in the probate court and duly accounted therein for the $600, received from Mrs. Hague, which said account was approved and settled by the probate court.

On February 8, 1924, respondent and his wife, Ermina Peterson, were divorced, the wife afterwards marrying one Smack. On June 4, 1925, the said Jane R. Hague brought suit against respondent, his former wife, and others claiming some interest in the property, setting forth in detail the foregoing facts and alleging in substance that the loan so made to the guardian was made for the purpose of paying off the said note and mortgage to the Lava Hot Springs State Bank; that the amount paid by her to said guardian became part of the guardianship estate and was used by the guardian to pay off the note and mortgage to said bank, and that all of it was so used. This complaint prayed that the mortgage to the bank be revived to the amount of plaintiff's debt, and interest, and that she be subrogated to the rights of the mortgagee bank therein; that the satisfaction of said mortgage made by the bank be canceled; that a conveyance by Peterson, to defendants B. C. Madill, and A. W. Miller, made without authority

during disability, be adjudged fraudulent and void; that plaintiff have judgment against Peterson; and that the property be sold, etc., to satisfy the same. Peterson, by his guardian *ad litem,* denying the material allegations of the complaint, alleged that the note and mortgage given by Bell, the guardian, were executed without authority and were void; denied that the sum so loaned ever became part of the guardianship estate, or that the same was expended for the payment by the guardian of the note to the Lava Hot Springs State Bank, and admits that the conveyance by Peterson to Madill and Miller was made without authority and therefore void. Madill and Miller, defendants, defaulted, and the action was dismissed as to the remaining defendant, John Murer. Findings of fact and conclusions of law were waived and the court decreed subrogation and that the property be sold as prayed for. Plaintiff Hague became the purchaser at the sheriff's sale, and on November 5, 1926, sheriff's deed to the property herein involved issued to her. Mrs. Hague, on May 5, 1926, conveyed said premises by warranty deed to Charlie and Sadie John, appellants, said warranty deed being filed for record September 24, 1927.

Respondent Peterson brings this action by P. C. O'Malley, his next friend and guardian *ad litem,* being thereunto authorized by order of court. The amended complaint sets out in great detail the facts above related and charged that the money borrowed from Mrs. Hague was never employed in paying off the debt and mortgage to the Lava Hot Springs State Bank, and that said debt was fully paid and the mortgage released, though still standing unreleased of record, in the year 1919, and prior to the execution of the mortgage to Mrs. Hague, and asked that title be quieted in respondent and for damages for detention of the premises. The court found for plaintiff and ordered title quieted in him but denied his claim for damages, this being an action to quiet title.

The defendants, Jane R. Hague, Lava Hot Springs State Bank, Ben C. Madill, A. W. Miller and Charles M. Bell,

defaulted, and the defendants Charlie and Sadie John answered denying generally the allegations of the amended complaint, and appeal from the judgment quieting title in the plaintiff.

The fundamental question presented by this appeal is whether the district court had jurisdiction to enter the decree of foreclosure in *Hague v. Peterson*. It is conceded that it had jurisdiction of the parties and the subject matter of that action but respondent contends that it did not have jurisdiction of the question it assumed to decide, i. e., the right of Mrs. Hague to be subrogated to the rights of the Lava Hot Springs State Bank and to the relief granted her. Therefore, unless the decree in that case was void upon the face of the record the court was not justified in this case in concluding that the sale under said decree passed no title to appellants' predecessor, Mrs. Hague. (*Nixon v. Tongren*, 33 Ida. 287, 193 Pac. 731. See *Gile v. Wood*, 32 Ida. 752, 188 Pac. 36; *Miller v. Prout*, 33 Ida. 709, 197 Pac. 1023.)

Respondent contends that at the time Mrs. Hague loaned $600 to his general guardian on February 3, 1923, the debt for that amount to Lava Hot Springs State Bank had been fully paid and discharged, and testimony offered by him tends to show that a note for $600 to said bank, dated December 26, 1918, was fully paid by him during the year 1919, and before he was adjudged insane.

The principal objection to the foreclosure decree in *Hague v. Peterson* is that the allegations of the complaint are not sufficient to tender the issue of the right to subrogation because the allegations are merely that plaintiff is "informed and believes," without further alleging the facts to be, etc. The rule undoubtedly obtains that in addition to the averment as to information and belief there must be a direct averment of the fact or facts, otherwise no issue is raised. (Standard Encyclopedia of Procedure, vol. 12, p. 901; 49 C. J. 148, sec. 163; *Swank v. Sweetwater Irr. Co.*, 15 Ida. 353, 98 Pac. 297; *Warburton v. Ralph*, 9 Wash. 537, 38 Pac. 140; *Nichols & Shepard Co. v. Hubert*, 150 Mo. 620, 51 S. W. 1031.)

On the other hand the general rule is that where a complaint fails to allege, or defectively alleges, a material fact, thereby failing to tender an issue as to such fact, the "defect or omission may be cured by a plea or answer which tenders an issue as to the fact by specifically denying it." (49 C. J. 866, sec. 1275; Perkins v. Blauth, 163 Cal. 782, 127 Pac. 50; Bledsoe v. Stuckey, 47 Cal. App. 95, 190 Pac. 217.)

In this instance the answer specifically denied that said $600, or any part thereof, received from Mrs. Hague, went to pay off Peterson's note and mortgage at the bank, or that said money ever became part of the guardianship estate, or that any money whatever was paid the guardian, as such, by Mrs. Hague.

On the whole, while the complaint in Hague v. Peterson might have been more carefully drawn, it sufficiently states a cause of action for subrogation, in the light of the denials of the answer and the issues raised. The evident theory in that case being that Peterson's guardian borrowed the money from Mrs. Hague for the purpose of paying off the bank's mortgage and that it was in fact so used.

The guardian could have borrowed money for that purpose and executed a valid note and mortgage therefor, provided he had followed the statute and obtained an order of the probate court. (Sess. Laws 1919, chap. 57, p. 167.) This he failed to do. Assuming that the note and mortgage executed by Peterson's guardian to Mrs. Hague are void, the rule is well settled that "Where the security given for the loan which is used to pay off an incumbrance turns out to be void, although the person making it expected to get good security, he will be subrogated to the holder of the lien which the money advanced is used to pay," and the rule applies to cases where, as here, want of authority in the person executing the security is the reason it fails. (25 R. C. L. 1343; Wilson v. Wilson, 6 Ida. 597, 57 Pac. 708; Wilson v. Hubbard, 39 Wash. 671, 82 Pac. 154; Crippen v. Chappel, 35 Kan. 495, 57 Am. Rep. 187, 11 Pac. 453; Boevink v. Christiaanse, 69 Neb. 256, 95 N. W. 652.)

 The guardian *ad litem* waived findings of fact and conclusions of law in open court in the foreclosure case. Findings and conclusions may be so waived (C. S., sec. 6868) if the consent is entered upon the minutes. The guardian *ad litem* had authority to stipulate to any arrangement that would facilitate the determination of the cause. He cannot, however, waive a substantial right of his ward. Waiving findings of fact and conclusions of law was not prejudicial to the ward and could be done by the guardian *ad litem*. (See Standard Encyclopedia of Procedure, vol. 10, p. 760.) Such a code provision has been held to apply to infants as well as adults. (*Western Lumber Co. v. Phillips,* 94 Cal. 54, 29 Pac. 328.)

 Whether or not the money was paid by Mrs. Hague to the guardian for that purpose and whether or not it was used in paying off the bank's mortgage were issues of fact in that action. Mrs. Hague was not a mere volunteer but presumed she was advancing money to pay off the bank's mortgage. (See 25 R. C. L. 1326.) The judgment may have been erroneous, but it was not void and not subject to collateral attack. The only way to correct it, in the absence of mistake, and none was shown, was by appeal to this court. (*Baldwin v. Anderson,* 50 Ida. 606, 299 Pac. 341, and cases there cited.)

Judgment reversed, with directions to enter judgment of dismissal. Costs to appellant.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.