EUGENE JACCARD, Respondent, v. WM. C. ANDERSON, JR., Appellant.

*Pleading—Note.*—In a suit by the holder against the endorser of a promissory note, the petition must set out the facts which in law make the note negotiable, as that the note contains the words "value received, negotiable and payable without defalcation;" and it is not sufficient to allege that the note was negotiable, which would be a conclusion of law, and not a statement of fact.

*Pleading—Demand and Notice.*—In a suit to make the endorser of a negotiable promissory note liable, the petition must aver demand of payment from maker, refusal and notice to endorser, or the facts which will excuse or be equivalent to it, in order to show the defendant's liability.

*Arrest of Judgment*—Where the petition does not state facts sufficient to constitute a cause of action, the judgment should be arrested.

*Appeal from St. Louis Circuit Court.*

*Gardner* and *Cox*, for appellants.

I. The petition is fatally defective.

*a.* It does not show the note declared on to be negotiable by the law of this State. (R. C. 1855, p. 295, § 15.) It does not set out the words which give the note negotiability.

*b.* It contains no averment of *demand and refusal,* or of facts which excuse the laches of the holder. The averment that said note was not protested at defendant's instance and request, he waiving protest, is insufficient. Presentment and demand and protest are distinct things in determining the sufficiency of a pleading.

The petition, therefore, does not set forth facts to constitute a cause of action, and no valid judgment can be pronounced upon it. (Ivory v. Carlin, 30 Mo. 142; Weaver v. Beard, 21 Mo. 155; Maloney v. Boernstein, 30 Mo. 144; Andrews v. Lynch, 27 Mo. 167; Anderson v. Gill, 15 Ark. 9.)

*A. J. P. Garesché,* for respondent.

I. The petition is sufficient. It shows that the note was not protested at defendant's instance and request, he waiving protest. (R. C. 1855, p. 1329, § 3; p. 1236, § 34; p. 1239, § 39.) The word protest means taking such steps as to charge the endorser. (Coddington v. Davis, 3 Denio, 25, s. c. 610; Beale v. Peck, 12 Barb. 250; Cook v. Litchfield, 5 Sand., N. Y., 341; 10 Barr., Penn., 103.)

DRYDEN, Judge, delivered the opinion of the court.

The plaintiffs, as the last endorsers of a promissory note, sue the defendant, as first endorser. Their petition is as follows, viz:

"Eugene Jaccard, Augustus Mermor and D. Constant Jaccard, plaintiffs, v. William C. Anderson, Jr., defendant. In St. Louis Circuit Court, St. Louis county.

"Plaintiffs, by Alex. J. P. Garesché, their attorney, state that they are partners, associated together as E. Jaccard & Co.; that Washington King, by his negotiable note herewith filed, dated April 16th, 1856, promised to pay to defendant, or his order, one thousand dollars, one year after date; that defendant assigned by endorsement and delivered said note to E. H. Bussell, and said E. H. Bussell assigned by endorse-

ment and delivered same to plaintiffs. Plaintiffs further state that said note was not protested at defendant's instance and request, he waiving protest; that no part of said note has been paid. They further ask judgment for said sum of one thousand dollars, interest, and costs.

ALEX. J. P. GARESCHÉ,

Attorney for Plaintiffs."

The defendant answered, and a trial of the case was had, and a verdict and judgment were rendered for the plaintiffs. Several exceptions were taken in the progress of the trial, which it will be unnecessary for us to notice. In due time the defendant moved in arrest of the judgment because of the insufficiency of the petition, and the motion being overruled, he excepted and appealed to this court.

The petition is defective in not stating facts sufficient to constitute a cause of action. In order to render an assignor liable to the assignee it must appear by the petition, either that the note assigned is negotiable, or, if not negotiable, that the maker was insolvent or non-resident of the State; or that the assignee, in the diligent prosecution of a suit against the maker, had been unsuccessful in making the debt. It does not appear by any averment of fact in this case that the note assigned was a negotiable instrument, nor are such facts shown as are necessary to impose a liability upon the defendant as assignor of a note not negotiable. True, it is stated, or rather recited in the petition, that the note is negotiable; but this is the statement of the conclusion or opinion of the pleader, not the averment of a fact upon which issue could be taken or the judgment of the law be pronounced. The operative words in a negotiable note under the law of this State are "for value received, negotiable and payable without defalcation," and their employment in the instrument declared upon must appear in the petition in order to enable the court to see and pronounce the legal effect of such instrument.

Again, supposing the note declared upon negotiable, the averment of an essential element of the defendant's liability

is omitted in the petition, viz: the demand or excuse for failure to demand payment of the maker. It is averred that " at defendant's instance and request the note was not protested, he waiving protest," and it is urged in the argument that this waiver is in law a waiver of demand. However this may be, (and we express no opinion upon the point,) it does not reach the point of difficulty. The question under consideration is a question of pleading; the effect of the waiver of protest is a question of evidence. There must be an averment of a demand, or of facts which will excuse and be equivalent to it, in order to show the defendant's liability. What effect the waiver of protest may have in proving the excuse alleged is another matter. Its sufficiency for the purpose renders the averment in the petition none the less necessary.

The court erred in overruling the motion in arrest, and for this cause its judgment is reversed and the cause remanded, with direction to permit the plaintiffs to amend their petition if they desire to do so. The other judges concur.