## SUPREME COURT.

MARSHALL LEFFERTS agt. CADY SILSBY and EUGENE KAM.

*Pleadings — Answer — Demurrer — non-joinder of parties — plea in abatement.*

To make a plea in abatement good, when it is based on the non-joinder of a party defendant, the plea must aver that the person not joined is alive and within reach of the ordinary process of the court.

Where, although the answer does not in terms aver that the party omitted is still living, but in the second clause of the answer it is alleged "that the defendants and one John W. Kam *are* \* \* \* copartners, doing business at Belmont, Allegany Co., N. Y., by the name and style of Silsby & Kam; that the note set out in the complaint is the note of said firm in its firm business":

*Held*, that the fact that the party omitted is still living is fairly stated, and in what may be termed " ordinary and concise language."

The question as to whether or not the plaintiff is bound to make John W. Kam a party to the suit, for the reason, as he alleges, that when he contracted with the defendants they did not make known to him the fact that John W. was one of the firm of "Silsby & Kam," and when he commenced the action he was ignorant of the fact, is a question of fact to be tried and determined by the jury, and is not a question of pleading. All the pleader needed to aver, to make a good answer, in this respect, was the fact that the party omitted from the record was, in truth and in fact, a joint promissor with the other defendants. This is so alleged in the answer.

*Allegany Special Term, October,* 1877.

DEMURRER to the defendants' answer, upon the ground that it does not allege any defense to the motion.

*Champlain, Armstrong & R.,* for respondent.

*Rufus Scott,* for defendants.

BARKER, *J.* — The only defense sought to be pleaded in the answer is, the non-joinder of Jacob W. Kam, as a party

defendant. It is alleged, in the answer, that he is a joint maker with the defendants, of the note sued upon. If it be true, as is thus averred, that Kam is a joint maker of the note, then he is a proper and necessary party, and the defendants may insist that he be brought in and made a party to the record before a recovery be had against them. This proposition, as a general one, is not denied by the plaintiff. But the demurrer is sought to be maintained upon the ground and for the reason, that the answer fails to state that the person not sued is alive and within the jurisdiction of the court.

To make a plea in abatement good, when it is based upon the non-joinder of a party defendant, the plea must aver that the person not joined is alive and within reach of the ordinary process of the court.

The parties not joined should be particularly set forth and described, so as to enable the plaintiff to make a better writ (*Wadsworth* agt. *Woolford*, 1 *Day's Rep.*, 28).

. The rule stated by Chitty, is as follows : " The plea in abatement of *non-joinder* must always have averred that the party omitted *is still living* " (1 *Chitty's Pleadings, p.* 487 ; see, also, 1 *Saunders*, 291, *a, note* 2 ; *Burgess* agt. *Abbott*, 1 *Hill*, 476 ; *Hawks* agt. *Munger*, 2 *id.*, 200 ; *The Mechanics' Bank* agt. *Dakin*, 24 *Comst.*, 411 ; *Burrill's Appendix*, " *Form of Pleas in Abatement*," *Nos.* 605 *and* 606).

This answer does not, in terms, aver that the party omitted is still living. But I think the fact is fairly stated, and in what may be termed " ordinary and concise language."

In the second clause of the answer it is alleged " that the defendants and one John W. Kam, are         *      *      * copartners, doing business at Belmont, Allegany county, N. Y., by the name and style of ' Silsby & Kam ; ' that the note set out in the complaint is the note of said firm in its firm business."

Pleadings speak as of the time of the commencement of the action. The averment is in the present tense ; that the persons named are now copartners and doing business. It is,

in effect, saying that John W. Kam is now living. This meaning of the pleading is arrived at without resorting to any sort of argument, or interpretation of words or sentences.

The plaintiff argues that he is not bound to make John W. Kam a party to the suit, for the reason that, when he contracted with the defendants, they did not make known to him the fact that John W. Kam was one of the firm of "Silsby & Kam;" and when he commenced the action, that he was ignorant of the fact.

It is alleged that John W. Kam was a general partner and one of the joint promisors in the contract sued upon. The complaint alleges that the note in suit was made by the defendants, and sets the same out in full, which is signed by the name of "Silsby & Kam." It does not aver they were copartners doing business under the name of Silsby & Kam. The answer alleges that the defendants and John W. Kam were partners doing business under the name of Silsby & Kam. Which of the two copartners, by the name of Kam, is the ostensible partner, and represented in the name of the firm, does not appear by the pleadings and must be left to be disclosed by proof. The court cannot determine by any of the averments in the pleading, that John W. Kam is the copartner whose name is omitted from the firm name.

If issue should be taken on the fact set out in the answer, I cannot discover any reason why the defendants may not prove that John W. Kam is the person represented in the firm name, and that Eugene Kam's name is the one omitted therefrom.

If the allegations of the complaint were in issue, by a denial on the part of the defendants now before the court, the plaintiff could, on a trial, maintain his cause of action against the defendant, Eugene Kam, by proving that he was a silent partner, whose name did not appear in the business, and the proof would be strictly within the allegations of the complaint.

Undoubtedly, the rule of law is, in regard to parties

defendant, that when one person enters into a contract with others by name, without knowing or having, at the time, reason to suspect that they have a partner in business to which such contract relates, such persons may be sued without joining such third person; and he may be regarded, as to such transaction and such circumstances, as a dormant partner, although the fact of his connection with the firm came to the knowledge of the plaintiff before the bringing of the suit.

*North* agt. *Bloss* (30 *N. Y.*, 374). In this case, and in *Hurlbut* agt. *Post* (1 *Bosworth*, 36); in *N. Y. Dry Dock Co.* agt. *Treadwell* (19 *Wend.*, 525); *Clarkson* agt. *Carter* (3 *Cowen*, 84), the questions arose on the trial of issues of fact. The question presented by the plaintiff is one of fact, to be tried and determined by the jury, and is not a question of pleading. All the pleader needed to aver to make a good answer in this respect was the fact that the party omitted from the record was, in truth and in fact, a joint promissor with the other defendants.

The demurrer is overruled with leave to amend, on paying costs of demurrer.