Hart v. Harrison Wire Company.

HART v. HARRISON WIRE COMPANY *et al.*, *Appellants.*

1. **Negotiable Note** : ACTION AGAINST ONE AS ENDORSER : PETITION. A petition in a suit or a note fails to state a cause of action against one as the endorser of a negotiable promissory note, when it contains no allegation that the note was "expressed to be for value received."

2. **Notes, Negotiable and Non-Negotiable** : PLEADING. Notes, both negotiable and non-negotiable, may be, and generally are, given for a valuable consideration duly received, and an allegation in the petition that the note was so executed does not indicate to which of the above classes of paper it belongs.

3. **Practice** : MOTION IN ARREST. Wherever a general demurrer to a petition would be well taken, a motion in arrest of judgment is equally available.

4. ——— : JUDGMENT ON NOTE : REVISED STATUTES, SECTION 3653. The adjudication by confession, to which a plaintiff in a suit on a note is entitled, under Revised Statutes, section 3653, when the execution of the instrument is not denied by the defendant under oath, is limited to the execution of the instrument, that is, to its signing and delivery. He will not be entitled to such judgment on the pleadings where his petition fails to state facts sufficient to constitute a cause of action,

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

REVERSED.

*E. T. Allen* and *N. Oscar Gray* for appellants.

(1)   The petition fails to state facts sufficient to constitute a cause of action against defendants, Leete & Harrison, as endorsers of a negotiable note.   R. S,. sec. 547 ;   *Jaccard v. Anderson*, 32 Mo. 188 ; *Simmons v. Belt*, 35 Mo. 461 ; *Lindsay v. Parsons*, 34 Mo. 422 ; *Townsend v. Dry Goods Co.*, 85 Mo. 503.   (2) So the petition fails to state a cause of action against said defendants as endorsers of a non-negotiable note.   *Jaccard v. Anderson* and *Simmons v. Belt, supra.*   (3) The defects in the petition are not cured by the verdict. Authorities, *supra ; Frazer v. Roberts*, 32 Mo. 457 ; *Town of Clinton v. Williams*, 53 Mo. 141 ; *Longford v. Sanger*, 40 Mo. 160 ; *Insurance Co. v. Clover*, 36 Mo. 392 ; *Townsend v. Dry Goods Co.*, 85 Mo. 503.   (4) The instructions prayed for by defendants at the close of plaintiff's case should have been given, because the evidence failed to make out the cause of action attempted to be stated in the petition.   *Clements v. Yeates*, 69 Mo. 625 ; *Dougherty v. Matthews*, 35 Mo. 528 ; *Robinson v. Rice*, 20 Mo. 229.   (5) The court committed error in giving instruction for plaintiff.   It usurped the province of the jury as the triers of facts.   *Chouquette v. Barada*, 28 Mo. 491 ; *Merritt v. Given*, 34 Mo. 98 ; *Moffat v. Conklin*, 35 Mo. 453 ; *Peck v. Ritchie*, 66 Mo. 114.

*Frank J. Bowman* for respondent.

(1)   Upon the pleadings plaintiff was entitled to a judgment, as the answer was a simple denial, unsupported by affidavit.   R. S., sec. 3653 ; *Ewing v. Clark*, 8 Mo. App. 570 ; s. c., 76 Mo. 545.   (2) The amended petition upon which the cause was tried is sufficient to

support the judgment. *Taylor v. Newman*, 77 Mo. 257. (3) The petition is good after verdict. R. S., sec. 3569; *Roper v. Clay*, 18 Mo. 383; *Shaler v. Van Wormer*, 33 Mo. 386; *Richardson v. Farmer*, 36 Mo. 35; *Bank v. Franklin County*, 65 Mo. 105; *Bryan v. Miller*, 28 Mo. 30; *Bowie v. Kansas City*, 51 Mo. 454. (4) The court properly instructed the jury. R. S., sec. 552; *Taylor v. Newman*, 77 Mo. 257.

RAY, J.—The amended petition, on which this action was tried, is as follows:

"Plaintiff states that the defendant, the Harrison Wire Company, is a corporation duly incorporated under the laws of the state of Missouri, with its principal office and place of business in the city of St. Louis, in the state of Missouri, and was, at the dates hereinafter mentioned, engaged in carrying on a manufacturing business, in said city of St. Louis; that, on the sixteenth day of June, 1884, in the due course of its said business, for value received, it made and executed its certain promissory note, a true copy of which is herewith filed, dated June 16, 1884, whereby it promised to pay to the defendant, James M. Leete, or his order, twenty-five thousand dollars, five days after the date thereof, with interest from maturity, at the rate of ten per cent. per annum, until paid; that, thereafterwards, on the same day, the said defendant, James M. Leete, and the defendant, Edwin Harrison, indorsed said note, and assigned, by indorsement, said note to the plaintiff for value received; that, thereafterwards, on the twenty-fourth day of June, 1884, on the day when said note was due and payable, the plaintiff demanded, and caused demand to be made, of said defendant, the Harrison Wire Company, the amount due by said note, but said Harrison Wire Company wholly neglecting and refusing to pay the same, plaintiff notified the said James M. Leete and Edwin Harrison, the indorsers thereon, of said de-

mand and refusal, and required and demanded of them and of each of them, the payment of said note, which they wholly refused and neglected to pay ; that said note was duly protested at maturity, as fully appears by the original protest herewith filed, and no part thereof has been paid. Wherefore, plaintiff asks judgment against the defendants for the sum of twenty-five thousand dollars, with interest, damages, and costs."

The answer of defendants was a general denial of the allegations in the petition.

The evidence, in plaintiff's behalf, consisted of the testimony of plaintiff, in substance, that he saw the two defendants, Edwin Harrison and James M. Leete, place their names on the back of the note ; also of the said note, and notarial protest thereof, the note being in words and figures, as follows :

"$25,000.          St. Louis, June 16, 1884.

"Five days after date, we promise to pay to the order of James M. Leete, twenty-five thousand dollars, for value received, negotiable and payable without defalcation or discount, at the Bank of Commerce, with the interest from maturity at the rate of ten per centum per annum until paid.

"Harrison Wire Co.,
"By Charles Miller, Treas.
"Edwin Harrison, Pres't.

"Endorsed :
"James M. Leete,
"Edwin Harrison,
"Augustus B. Hart."

This evidence was objected to, when offered, upon the grounds of incompetency and immateriality ; that the note, offered in evidence, was expressed to be for value received, whereas, no such note was described in the petition, and exceptions were taken by defendants

to the adverse ruling of the court, in this behalf. No evidence was offered in behalf of defendants, or either of them, but the Harrison Wire Company, and said Leete and Harrison, respectively asked, at the close of the evidence for plaintiff, an instruction that, on the pleadings and evidence, the plaintiff could not recover, which the court refused, and at plaintiff's instance, instructed the jury that, under the evidence, the plaintiff was entitled to recover the face of the note, and interest thereon from June 24, 1884, to date, at the rate of ten per cent. per annum, and four per cent. damages upon the principal sum. Under the instructions of the court, the jury found a verdict against all three of the defendants, who have appealed to this court from the judgment entered thereon.

The petition contains, it will be perceived, no averment that the Harrison Wire Company, the maker of the note, is insolvent, or non-resident of this state, or that the holder, in the exercise of diligence, has been unsuccessful in an action upon the note against the maker, so that, so far as the defendants, Leete and Harrison, are concerned, there is no cause of action stated against them, as endorsers of a non-negotiable promissory note. *Jaccard v. Anderson*, 32 Mo. 190 ; *Simmonds v. Belt*, 35 Mo. 461. The cause of action stated, if any, as against them, is as endorsers of a negotiable promissory note, and whether or not the facts stated are sufficient to hold them as such, constitutes the real controversy in the case. Section 547, Revised Statutes, defines a negotiable promissory note to be one "for the payment of money to the payee therein named, or order, or bearer, and expressed to be for value received." The petition (it is conceded) describes a note for the payment of money to Leete, the payee therein named, or order, but its sufficiency is questioned upon the ground that it contains no allegation that the note "was expressed to be for value received." Such an allegation

has been held necessary in a number of decisions by this court, in which it is said, in substance, that the employment in the note of the words, operative under the statute to make the note negotiable, must appear in the petition to enable the court to see and pronounce the legal effect of the note, and whether or not the same is negotiable. *Jaccard v. Anderson*, 32 Mo. 190; *Simmons v. Belt*, 35 Mo. 461; *Lindsay v. Parsons*, 34 Mo. 422; *Townsend v. Herr Dry Goods Company*, 85 Mo. 503. Tested by the rule thus announced in the several cases which we have cited, and which have never been overruled or questioned, we think the petition in this case must, also, be held insufficient, upon the same principle, and for the same reasons. The allegation that, "in due course of its said business, for value received, it (the maker of the note) made and executed its certain promissory note," etc., does not make it appear that the note was a negotiable promissory note, or one "expressed to be for value received," as the statute requires. The fact that value had been received, which is acknowledged, which is the averment aforesaid, does not show that the promissory note, which was executed in consideration thereof, was, under our statutes, nego- tiable. Notes, both negotiable and non-negotiable, may be, and generally are, executed upon valuable considera- tion, duly received, and an allegation of this sort affords no light as to which class of paper the note in question belongs.

We have not overlooked the provisions in the stat- utes cited, in substance, that no variance between the allegation and the proof shall be deemed material, unless it has actually misled the adverse party, to his preju- dice, in maintaining his action or defence upon the merits, and that the court shall disregard any error or defect in the pleadings which shall not affect the sub- stantial rights of the adverse party.

The omissions, imperfections, defects, and variances

contemplated in said sections, and in other sections in the same chapter, and other defects, of like nature and import, are, it is true, cured by the verdict, and may be supplied by the trial or appellate court, but, as was said per Napton, J., speaking for this court, in *Andrew v. Lynch*, 27 Mo. 169 : "The old rule of the English judges that a verdict would supply whatever of necessity must have been proved to the jury, has never been held to extend to cases where the *gist* of the action is omitted. Nor have the various statutes of amendments and jeofails, enacted in several of our states, and embodying this principle, ever been construed to embrace a case where no cause of action is stated. * * * Our statute upon the subject contains nothing new or additional to the old rule." See, also, *Weil v. Greene County*, 69 Mo. 281. This objection, if of the character we hold it to be, is not one of form, but goes to the substance of the action, and is good, on motion in arrest of judgment, and may be made at any stage of the proceedings, and, even in this court, for the first time. The rule is, that wherever a general demurrer would be well taken, a motion in arrest is equally available, and if the petition is bad on general demurrer thereto, the judgment, for the same reason, is equally bad on motion in arrest. *Grove v. City of Kansas*, 75 Mo. 672 ; *Weil v. Greene County*, 69 Mo. 281. The record shows, however, that defendants made the objection in this case, at the trial, and apprised plaintiff and the trial court, when the note was offered in evidence, of the said omission in the petition, which was the ground of objection to its admissibility in evidence, and plaintiff, at this time, if not before, could easily have amended his petition in that behalf ; but he then chose to rely on his own judgment, as to its sufficiency, and must now abide the consequences.

The same objection was taken by the instruction, in the nature of a demurrer to the evidence, asked by

defendants, Leete and Harrison ; as well as said Harrison Wire Company, at the close of the evidence, and again, in the motions for new trial and in arrest of judgment, and in such circumstances the plaintiff cannot claim to have been surprised or misled. As the petition fails, which, we think, it manifestly does, to state any cause of action against Leete and Harrison, as endorsers of a non-negotiable promissory note, and also fails to make it appear that the note on which they were sued as endorsers was negotiable under the statute, we must hold that, as against them, it omits altogether to state any cause of action. We are aware that this ruling may *appear* somewhat technical, but this apprehension is no sufficient reason for a plain departure from a well-established rule of pleading, which has heretofore been approved by this court in the decisions cited, and which decisions have not been overruled, modified, or called in question. If those are similar cases, might not the defendants rely at the trial upon our rulings therein, and contest the right of plaintiff to any judgment upon a petition with similar omissions, especially where they were, in the progress of the trial, *challenging* the petition upon this ground, which, we have seen, was done in this case ? In our desire "to distinguish between form and substance," as required by section 3586, Revised Statutes, 1879, we should be equally careful "to afford known, fixed, and certain requisitions, in place of the discretion of the court or judge thereof." Read the petition, as we may, we are unable to find any statement therein that the note sued on was a negotiable promissory note, or was "expressed to be for value received," and this is an indispensable allegation in such actions, as we have repeatedly held.

It is contended, for plaintiff, that, as the answer was not verified by affidavit, the plaintiff was entitled to judgment upon the pleadings. Whilst the ·legislature intended, by section 3653, Revised Statutes, to afford a

party, in the instances specified therein, an adjudication by confession, as it is called, we think that the adjudication, by confession, so conferred, is expressly limited to the execution of the instrument.    By failing to deny the execution, by answer or replication, verified by affidavit, the party admits the genuineness of the signatures, and also delivery of the instrument, the signing and delivery being included in the execution.    Limiting our remarks to the actual case before us, and assuming that the section applies to commercial paper, and to endorsements thereon, the confession adjudged, under the said statute, would be that the note described in the petition was genuine, and not forged, but executed as charged, that is, by the Harrison Wire Company, as maker, and by said Leete and Harrison as endorsers thereof.    But this, we apprehend, would not make a case authorizing a judgment for plaintiff, as against said endorsers of the note in question, for their liability would still depend upon other contingencies, neither averred in the petition nor admitted, and which we have already referred to.    Manifestly, the plaintiff would not be entitled to a judgment in his favor upon the pleadings, where his petition is fatally defective and insufficient to support a judgment, for want of a statement of facts sufficient to constitute a cause of action.

There are one or two other questions, urged by plaintiff, but in the absence of a cross appeal, in his behalf, they are not, we think, properly before us for determination.    *Amonett v. Montague*,    63 Mo. 204; *Bowie v. Kansas City*, 51 Mo. 458.

The views and conclusions hereinbefore expressed and stated lead to a reversal of the judgment and remanding the cause for further proceedings, in conformity hereto, and it is accordingly so ordered, in which Sherwood and Brace, JJ., concur, and from which Norton, C. J., and Black, J., dissent.