CHARLES PALMER, Respondent, *v.* WILLIAM D. C. FIELD, Appellant.

*Promissory notes — consideration for the indorsement — liability of the indorsers — presumed to be several — form of plea of non-joinder of a party defendant — request to go to jury.*

In an action brought to recover upon two promissory notes, renewals of previous notes, one of the defenses set up by the defendant, one of the indorsers thereon, was that he was an accommodation indorser. It was shown, however, that the plaintiff had advanced money on the note by way of loan.

*Held,* that, assuming that the defendant was wholly an accommodation indorser, there being no claim of diversion, it was unnecessary to show that plaintiff paid defendant for his indorsement, it appearing that the plaintiff had loaned the amount represented by the note upon the faith of the indorsement; that the consideration paid to the maker of the note or the person delivering it to the plaintiff was sufficient to support a recovery.

It was shown for the purpose of sustaining a defense, that the obligation of the indorsers was a joint and not a several one, that the names of the payees in the series of notes were not always the same, nor the indorsements placed in the same order.

*Held,* that no such presumption was raised by the change of indorsements or of their order ;

That where a note bears the several signatures of parties as indorsers on promissory notes which are negotiable, the presumption is that the obligation created thereby is several and not joint.

Where it is intended to interpose a plea in abatement upon the ground of the non-joinder of a party defendant, the plea must aver that the person not joined is alive and within reach of the ordinary process of the court.

Where a motion by defendant to dismiss the complaint has been denied, a request to go to the jury should specify the questions of fact which the party desires to have submitted.

APPEAL by the defendant, William D. C. Field, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of June, 1893, upon the verdict of a jury, rendered by direction of the court, for $9,189.10 damages, after a trial at the New York Circuit.

*Fred W. Hinrichs*, for the appellant.

*Michael H. Cardozo*, for the respondent.

O'BRIEN, J.:

The complaint contained two causes of action, based on two promissory notes which were in all respects similar as to date, payees and indorsers. These notes were for $4,500 apiece, and it was made to appear by the evidence that they were renewals growing out of a transaction in which originally a note for $10,000 was delivered to plaintiff in consideration of a loan or discount made by him. The original note was from time to time renewed and finally divided into two notes of $5,000 each, upon which $1,000 was paid, leaving the balance sued upon of $9,000 represented by the two notes of $4,500 each.

One of the defenses was that the indorsers, including the defendant here, were accommodation indorsers. But inasmuch as it was made to appear by the testimony that the plaintiff, upon the faith and strength of the indorsements, advanced the money on the note by way of loan or discount, this defense was not made out, nor do we understand that it is seriously pressed, because even assuming that defendant was wholly an accommodation indorser, there being no claim of any diversion, it was not necessary to show that plaintiff paid any value to him for his indorsement, where the fact appeared that upon the faith of the indorsement plaintiff had loaned the amount represented by the note. In other words, the consideration paid to the maker of the note, or to the person delivering it to plaintiff, was amply sufficient to support a recovery under the authorities.

This justified the rulings of the court in excluding evidence which attempted to show that the indorsement of the defendant was with-out consideration directly paid to him. If, however, it was material to show that the defendant was not, in a strict sense, an accommodation indorser, it was made to appear that by a resolution of the company for whose benefit this note was discounted, and in which the defendant was an officer, he was voted a compensation of $500 a year for indorsing the paper of the company.

The defense which was mainly relied upon at the trial, and most strongly urged upon this appeal, is that the liability of the defendant was not a several, but a joint one, and that, there being a defect of parties, the complaint on his motion should have been dismissed.

The first question presented upon this defense is, whether it was properly pleaded.

The answer stated that the notes were joint obligations of defendant and others whose names were given, and upon the trial defendant was allowed to amend the answer by setting up that the failure to include such persons was a defect of parties defendant.

As thus amended, however, we do not think that the plea was sufficient to raise the defense. The rule has been many times stated that " to make a plea in abatement good, when it is based upon the non-joinder of a party defendant, the plea must aver that the person not joined is alive and within reach of the ordinary process of the court. (*Lefferts* v. *Silsby*, 54 How. Pr. 194; *Scofield* v. *Van Syckle*, 23 id. 97; *Brainard* v. *Jones*, 11 id. 569; *Burgess* v. *Abbott*, 6 Hill, 135.)

Although this objection was specifically taken the defendant was permitted to examine the plaintiff upon the question and to ask him whether the indorsements upon the paper were not given to him as joint indorsements, to which he replied : "I never heard of such a thing. As matter of fact, I did not discuss the question of joint or several liability at all." And plaintiff further testified that the original note was handed to him with the indorsements already there, and that he then discounted it.

Some point is made of the fact appearing that the names of the payees in the series of notes were not always the same, nor the indorsements placed in the same order upon the back, and upon this is based the argument that a presumption arises that the obligation

was a joint one and not several, and that, no facts to rebut such presumption having been given by plaintiff, the motion made to dismiss the complaint at the end of plaintiff's case and again when all the testimony was in should have been granted.

To this, we think, there are two answers. It must be remembered that upon a renewal of the note it was perfectly proper and competent for the plaintiff to insist, as a consideration for such extension, to a change in the form of the obligation, and it was equally competent for the indorsers to comply with any such suggestion, and the agreement for the extension would have given support to any change in the indorsements. Secondly, although the defendant in his statement of the rule as to the presumption relies on a case in Missouri, we do not think that such is the law in this State, but, on the contrary, the authorities are all the other way, holding that where, as here, the notes purport to bear the several signatures of parties as indorsers on promissory notes which are negotiable, the presumption is that the obligation is several and not joint.

The defendant, though eliciting from the plaintiff the statement that the notes were not taken with the understanding that the indorsers were to be jointly liable, endeavored by his own testimony to show that he had conversations with the plaintiff in regard to the notes and the indorsements thereon ; and several questions which were asked of him by his counsel as to conversations with the plaintiff about the form of the notes, or as to whether they were to be made out to the order of plaintiff, and the general question as to what the plaintiff said in regard to the indorsements or the making of the notes were excluded, and an exception to such ruling was taken.

If the plea had been properly made we think that these questions, directed as they might fairly be held to have been, to eliciting what was the arrangement in regard to the taking of the notes by the plaintiff, would have been competent and admissible. The specific objection, however, having been taken that the plea in abatement was insufficient, these rulings were right.

As the case, therefore, stood upon the evidence, the court was justified in denying defendant's motion to dismiss the complaint and in refusing to submit the case to the jury. This request to go to the jury, after moving to dismiss, was in general terms, and as said in *Mayer* v. *Dean* (115 N. Y. 556), " did not state any question

of fact desired to be submitted to the jury." Upon the pleadings, therefore, and the evidence as presented, the rulings excluding or admitting evidence were correct, and nothing remained but to grant the request of plaintiff for a direction in his favor.

The judgment was, therefore, right and should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.