MORTON WOLLMAN, Respondent, v. DAVID
LOEWEN et al., Appellants.

**St. Louis Court of Appeals, October 21, 1902.**

Pleading: CAUSE OF ACTION: COUNTS IN A PETITION: VER-
DICT: EVIDENCE: ANSWER: INSTRUCTIONS. If a plaintiff de-
clares on the same cause of action in two counts of a petition and
one of the counts is so framed that under a general denial of its al-
legations the defendant may introduce evidence which shows a com-
plete defense to the other count, after said evidence has been put
in and plaintiff has refused to elect on which count he will ask a
verdict, its conclusive effect can not be ignored by instructing the
jury to return a verdict for the plaintiff on the latter count, al-
though the evidence would not have been admissible under the
answer thereto.

Appeal from St. Louis City Circuit Court.—*Hon. John
A. Talty,* Judge.

REVERSED AND REMANDED.

*Lyon & Swarts* for appellant.

(1) The circuit court erred in peremptorily in-
structing the jury to find for the respondent against the
appellant, either as a joint maker or as an indorser, for
the following reason: The testimony showed that the
appellant was not a maker, but was accepted by the
respondent and his indorser, Henry Wollman, as an
indorser. Lewis v. Harvey, 18 Mo. 74; Schneider v.
Schiffman, 20 Mo. 571; Mammon v. Hartman, 51 Mo.
168; Cahn v. Dutton, 60 Mo. 297. (2) The appellant
was not liable in any capacity, because the considera-
tion had completely passed from the respondent and his
indorser, Henry Wollman, to the maker, Bienenstok,
before the appellant signed his name on the back of the
notes, and because there was no new consideration for
the signature of the appellant. Stagg v. Linnenfelser,

59 Mo. 336; Williams v. Williams, 67 Mo. 661; Mc-
Mahan v. Geiger, 73 Mo. 145; McFarlan v. Heim, 127
Mo. 327.

*Geo. W. Easley* with *Boyle, Priest & Lehmann* for
respondent.

(1)   The plea of want of consideration is based
wholly on the idea that Bienenstok received the money
of the Wollmans before Loewen signed the notes; that
it was, in fact, a past consideration.   But that conclu-
sion is opposed to the facts shown in the record.   (2)
The appellant having confessed, by his failure to deny
under oath the execution of the notes, and having al-
leged in every paragraph of his answer that he "signed
his name on the back of said note," his plea of want
of consideration passing to him contradicts his express
promise and the implication the law draws from his
admitted act, and presents no defense to the action.
Westphall v. Nevills, 92 Cal. 545, 28 Pac. 678.

GOODE, J.—Respondent Morton Wollman sued
Sigfried Bienenstok and David Loewen on two pro-
missory notes, both for $1,250, dated November 17,
1896, signed on their faces by Sigfried Bienenstok and
on the backs by David Loewen, payable two years after
date with interest at the rate of five per cent per annum.
One of said notes was made payable to Morton Wollman
or his order and the other to Henry Wollman or his
order, and the latter was indorsed by the payee, Henry
Wollman, to respondent Morton Wollman.

The petition was in four counts, the first declaring
on the note in which Morton Wollman was payee against
Bienenstok and Loewen as joint makers; the second on
the note of which Henry Wollman was the original
payee against the defendant in the same capacity; that
is, as joint maker, and averring that after the execution
of said note, Henry Wollman indorsed and delivered
the same for value to the respondent, whereby respond-
ent became its owner.   The third count declared on the

note made payable to Morton Wollman, against Bienenstok as maker and Loewen as indorser and averred that before the delivery of the instrument Loewen indorsed his name on the back of it and became liable for its payment; further, that at its maturity it was presented for payment at the place of payment, to-wit, the Continental Bank of St. Louis, demand of payment duly made and that on its refusal the note was protested and notice of the presentment, demand and non-payment duly given to Loewen. The fourth count declared on the note of which Henry Wollman was payee against Bienenstok as maker and Loewen as indorser, and contained averments like the third count and also an averment that the original payee had assigned and delivered the note for value to the respondent.

The answer was likewise in four counts, each of which contained a general denial and a plea of want of consideration, like the following one taken from the answer to the first count of the petition:

"Further answering said first count or cause of action, the said defendant David Loewen states that subsequent to the execution by the defendant, Sigfried Bienenstok, of the promissory note sued on in the first count or cause of action, the said defendant, David Loewen, signed his name on the back of said note; that neither at the time the said defendant, David Loewen, signed his name on the back of said note, nor afterwards, was there any consideration paid by or moving from, the plaintiff to either the said defendant, David Loewen, or the said defendant, Sigfried Bienenstok, nor was there any consideration paid by, or moving from the defendant Sigfried Bienenstok, to the said defendant, David Loewen; and that by reason of said want of consideration the said defendant, David Loewen, did not become and is not liable for the payment of said note."

The answer to the second and fourth counts of the petition also averred that the note given to Henry Wollman was indorsed by him to the respondent after its maturity, without value and with full knowledge on the

part of the respondent at the time of the indorsement, that the note was without consideration. The pleadings are thus fully stated because they are important in determining whether the judgment can be sustained.

The evidence shows that Bienenstok was a brother-in-law of the two Wollmans, and also of Loewen, and that wishing to engage in business, he applied to the Wollmans for a loan of five thousand dollars, which they finally consented to make provided Loewen would stand good for one-half of it. With the understanding that he would, the Wollmans, who lived in Kansas City, sent four notes of $1,250 each to Bienenstok in St. Louis, on November 17, 1896, two of which notes were payable to Henry Wollman and two to Morton Wollman, and it was arranged between them and Bienenstok that Loewen should sign one of the notes made to each of said payees. In the letter the Wollmans wrote to Bienenstok, he was requested to have Loewen sign the two notes either as maker or as indorser with protest waived. Loewen signed them by writing his name on the back, but declined to waive notice of protest and the notes were accepted by the Wollmans in that form. They were not paid at maturity and were protested; but respondent concedes no proof is contained in the record before us sufficient to show that notice was given to Loewen of their dishonor so as to bind him as an indorser.

The main defense relied on in the court below by Loewen, who is the only appellant, was that the notes in suit were signed by him after the transaction had been closed between the Wollmans and Bienenstok and the latter had received the full amount of the loan, so that there was no consideration for his (Loewen's) signature.

At the close of the evidence, the court refused to compel respondent to elect on which counts he would ask a verdict, but instructed the jury to return a verdict for the respondent on the first and third counts of the petition, which was done. An amendment was afterwards made so that the verdict was on the second count

instead of the third, and motions for a new trial and in arrest were duly filed by the appellant Loewen.

The defense of want of consideration broke down; for it was shown to have been understood between the Wollmans and Bienenstok at least, that Loewen was to become obligated on the notes and the former lent their money on that understanding and Loewen signed the notes before they were delivered. These facts present a different case from those cited by the appellant in which parties who signed promissory notes as indorsers after the makers had executed and delivered them to the payee, without a previous arrangement that they should do so, were exonerated from liability because there was no consideration to support their promises. McMahan v. Geiger, 73 Mo. 145; McFarlan v. Heim, 127 Mo. 327. Loewen's indorsement was contemporaneous with the promise of Bienenstok, the principal, and was for the latter's accommodation; and in such instances the money lent to the maker is a sufficient consideration for the promise of the indorser. Krocht v. Obst, 14 Bush. (Ky.) 34; Palmer v. Field, 76 Hun 229, 27 N. Y. Supp. 736; Austin v. Boyd, 24 Pick. 64.

But that the peremptory instructions were erroneous if Loewen signed as indorser instead of as joint maker, for want of proof of notice to him of the dishonor of the notes at their maturity, is conceded by the respondent, who seeks to uphold the judgment on the ground that Loewen either actually signed as maker or ought to be held liable in that capacity whether he did or not, on account of the state of the pleadings; that is, because he was alleged to be maker in the first and second counts of the petition and did not deny the execution of the notes under oath.

The rule of law in this State is that if one not the payee of a promissory note, writes his name across the back of it, he is prima facie liable as a joint maker; but this presumption is open to rebuttal by parol evidence, unless the instrument has passed into the hands of an innocent holder; and until that happens, the party so

signing may show that the liability he assumed was other than that of maker. Kingman & Co. v. Cornell-Tebbets Machine & Buggy Co., 150 Mo. 282. The evidence in this case shows conclusively that the relation which Loewen assumed to the notes in suit was that of indorser, and that he reserved to himself the protection of the safeguards of demand for payment at maturity and notice of dishonor, which the law accords to indorsers. The letter of the Wollmans requested that he waive protest and notice, but this he declined to do and they accepted him as an indorser without such waiver, saying they would put the notes in the Continental Bank for prompt protest and notice if they were not paid when due. It is therefore plain that they did not consider Loewen a joint maker, and this disposes of the question of his liability as such.

Respondent insists, however, that because the execution of the notes was not denied by the appellant under oath, the jury were rightly directed to find against him on the first and second counts of the petition in which he was sought to be charged as a principal. A curious point of practice is raised by this contention, on account of the different capacities in which Loewen was sued. He was proceeded against in two counts on each note; that is, on the same cause of action; and both counts were answered by a general denial; one contained such affirmative allegations charging the defendant as an indorser, that a simple denial of them made an issue under which evidence was properly admitted that established an absolute defense to the cause of action against him as maker, stated in the other count; but the other count itself was so framed that if it stood alone, said evidence could not have been admitted under an unverified general denial. Was an instruction for a verdict in plaintiff's favor on the latter count proper after evidence, which showed he was not liable on it, had been rightly received because pertinent to the issues made by the general denial filed to the count in which he was charged as indorser? We hold it was not; for the plaintiff rendered it possible for the

defendant to make proof of his non-liability as maker
by stating a case against him as an indorser who had
been duly notified of the note's dishonor, which allega-
tion the defendant traversed. The statute requiring
the execution of an instrument which is the foundation
of a party's action and is alleged to have been executed
by the opposite party, to be denied by a verified plead-
ing on pain of having its execution adjudged confessed
(R. S. 1899, sec. 746) relates only to the signing and
delivery of the instrument and does not exclude de-
fenses based on other grounds. Hart v. Harrison Wire
Co., 91 Mo. 414. We think Loewen could have answered
by an unverified pleading those counts of the petition
in which he was averred to be a maker of the notes,
by setting up that he signed as indorser and was not
given timely notice of Bienenstok's failure to meet
them; and that evidence of the character in which he
signed having been received, as pertinent to the issues
joined on the other counts in which he was sued as
indorser and without objection, so far as the record
shows, its conclusive effect could not be ignored in
instructing the jury. Loewen was undoubtedly proved
to be an indorser and was also proven to have become
such on a sufficient consideration; his liability, there-
fore, turns on whether steps were taken to hold him as
such after the principal signer had made default.

In Stewart v. Goodrich, 9 Mo. App. (St. L.) 125,
and Madison v. R'y Co., 60 Mo. App. (K. C.) 599,
certain evidence was introduced without objection
under general denials, which was afterwards asserted
to have been inadmissible under that plea; but the rul-
ing of the court was, that granting it was inadmissible
if an objection had been made, as none was made, the
trial court should have submitted it to the jury. Grant-
ing that the plaintiff may have objected to the evidence
to prove Loewen was an indorser and the record not
show the objection because plaintiff is the respondent,
still there is no material difference, so far as the justice
of the matter is concerned, between a plaintiff permit-

Vol 96 mo app—20

ting evidence to go in without objection when it is incompetent as the pleadings stand, and rendering evidence competent as tending to prove a defense to the claim asserted in the petition, by stating such claim differently in different counts; the above decisions are, therefore, in point.

In Laughlin v. Gerardi, 67 Mo. App. (St. L.) loc. cit. 380, the majority opinion held, in an action on two promissory notes to which two defenses were set up and no substantial evidence in support of one of the defenses was adduced, that while the peremptory instruction the trial court gave for a verdict in the plaintiff's favor, could have been justified if the other defense had been unsupported, a reversal was required because the other defense was maintained by competent testimony.

In May v. Crawford, 150 Mo. loc. cit. 528, the Supreme Court passed on an instruction which ignored testimony introduced by the plaintiff tending to prove the first of two alleged breaches of a contract, he having offered no testimony to establish the second alleged breach, nor the defendant any to disprove the first one, and said instruction was held to have been improperly given. The opinion says:

"The instruction given by the court of its own motion, was further faulty, in that it did not cover the whole case. The contract prohibited the use of certain specific terms by defendants in their advertisements, and also forbade their advertising goods as bought from plaintiffs which had not been so purchased, and the petition assigned both acts as breaches, but the instruction given by the court of its own motion submitted only the latter feature of the case to the jury. It was specially misleading to the jury and prejudicial to the plaintiffs, because the plaintiffs' entire testimony was in support of the former, and they had offered no testimony to sustain the latter, while the exact reverse was true as to defendants' evidence, and this instruction submitted only the latter feature of the case to the jury."

The cases we have cited authorize the deduction of

the proposition that when evidence which supports the demand or defense of the party who offered it, is properly received for any reason during a trial of a cause, such evidence must be weighed by the triers of fact in deciding the issues.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Barclay, J.,* concur.