AMANDA MEEKER, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.*

In the Kansas City Court of Appeals, November 5, 1923.

1. **PLEADING: Where Execution of Written Release was Pleaded by Defendant, and Plaintiff Failed to Deny Execution Thereof, Under Oath, as Required by Statute, Motion for Judgment on Pleadings Should be Sustained.** In action for personal injuries, where an unverified petition alleged, in anticipation that defense thereto would be that plaintiff executed a release in writing, the execution of whch was not denied, that plaintiff did not have sufficient mental capacity to know or understand the contents of the release and that defendant fraudulently procured plaintiff's signature thereto, and defendant in a verified answer set up the release to which plaintiff filed an unverified reply containing a general denial, *held* a motion for judgment on pleadings should have been sustained as provided by section 1415, Revised Statutes 1919, to the effect that when any pleading shall be founded upon any instrument in writing, charged to have been executed by the other party, the execution shall be adjudged confessed, unless the party charged to have executed the same denies the execution by answer or replication, verified by affidavit.

2. ———: Reply Need not be Verified When it Pleads Matters in Confession and Avoidance. A reply need not. be verified when it ad-

(492)

mits the execution of a release, but attempts to avoid the same on the ground of fraud as an inducement to the procurement of the release.

3. ———: Release: Issue of Fraud in Obtaining Release Cannot be Raised in Petition by Anticipating Defense, but Must be Raised in Reply. Under section 1220, Revised Statutes 1919, providing "that petition shall contain a plain and concise statement of the facts constituting a cause of action," and section 1239, Revised Statutes 1919, providing that "only the substantive facts necessary to constitute the cause of action" shall be stated, *held* that plaintiff could not anticipate defense by allegation of fraud in petition as to procurement of release, as same was not part of plaintiff's cause of action, but a matter of defense, and under section 1238, Revised Statutes 1919, the issue of fraud in obtaining release should be raised in the reply.

4. ———: ———: Defense of Fraud in Procurement of Release, Although Anticipated in Petition, Must be Pleaded by Defendant in Answer, if it Desired to Rely upon the Same. Even though plaintiff in her petition anticipated defendant's defense, if defendant desired to rely upon such defense, it was necessary for it to plead the same in its answer.

5. ———: Allegation on Information and Belief as to Existence of Fact Essential to Cause of Action is Bad. An allegation on plaintiff's information and belief as to the existence of a fact essential to her cause of action, is bad.

6. ———: Release: Where Release is Pleaded as Defense, and Execution Thereof is Admitted, to Set Same Aside for Fraud, the Fraud Must be Pleaded in the Reply, as Provided by Statute. In an action for personal injuries, if the execution of a release is admitted, and plaintiff desires to have same set aside in a court of law for fraud, the fraud must be pleaded in the reply, as provided by section 1238, Revised Statutes 1919.

7. ———: ———: Answer Held to Sufficiently Plead Release as Defense. In action for personal injuries where release was relied upon as a defense, answer *held* to sufficiently plead same.

*Headnote 1. Pleading, 31 Cyc, p. 609 (1926 Anno); 2. Pleading, 31 Cyc, p. 532; 3. Pleading, 31 Cyc, p. 109; 4. Pleading, 31 Cyc, p. 110; 5. Pleading, 31 Cyc, p. 108; 6. Release, 34 Cyc, p. 1097; 7. Release, 34 Cyc, p. 1096 (1926 Anno).

Appeal from Circuit Court of Buchanan County.—*Hon. L. A. Vories,* Judge.

Reversed and remanded.

*Miles Elliott* and *Duvall & Boyd* for respondent.

*Luther Burns, John E. Du Mars* and *John E. Dolman* for appellant.

BLAND, J.—This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment in the sum of $5000 and defendant has appealed.

Plaintiff was injured on June 28, 1922, while a passenger upon one of defendant's trains near the town of Alvo, Nebraska. The injury was caused by the derailment of the coach in which plaintiff was a passenger. She was taken to Lincoln, Nebraska, on a relief train and shortly after her injury was induced by one of defendant's claim agents to sign a release for her injuries in consideration of the payment to her of the sum of $25.

Plaintiff testified that the claim agent approached her at the station in Lincoln and asked her if she was injured; that she told him that she was and he asked her to come into another room in the station, where she discovered what he wanted. She told him that she had only thirty-five cents with her and needed some money to get to her home in Phillipsburg, Kansas; that he asked her if twenty-five dollars would help her and that she replied it would; that he then took a statement from her concerning the accident and her injuries and asked her to sign a receipt for the twenty-five dollars, which she did in order to show that she had received the money he had given her as expense money. She testified that she did not read the papers that she signed; that her mental and physical condition was such that she would have been unable to have understood their meaning had she read them.

The petition consists of allegations of the negligence of defendant and the injuries received by plaintiff in the derailment, and then alleges that shortly after the wreck of the train and while plaintiff was in such mental and physical condition as to be unable to know or understand what she was doing—she signed some paper or papers which she is informed defendant will claim was and is a full release of her cause of action heretofore stated;" that she "did not have sufficient mental capacity to know or understand the nature or contents of said paper or papers;" "and was unable to know or judge of the precaution that should be taken by her against the defendant and its agent;" that the agent knew of plaintiff's mental incapacity and fraudulently procured plaintiff's signature "to said paper or papers" representing that "said paper was not a release or a settlement of any claim or cause of action that she might have against defendant, but that it was merely a statement of what injuries plaintiff received and was a receipt for the said twenty-five dollars" given her for expense money; that plaintiff relied upon the statements and representations made by defendant's agent—

". . . as to the contents, nature and character of said paper or papers which she signed; that plaintiff has no knowledge or information as to the contents of said paper or papers which she signed, other than the statements made to her by defendant's agent as hereinbefore alleged.

"That if said paper or papers purport to be a release of plaintiff's cause of action, as she is informed defendant will claim same to be, and if the said paper is anything other than a statement of what injuries plaintiff received as a result of said wreck and a receipt for the payment of twenty-five dollars, the same was procured without the knowledge, consent or understanding of plaintiff, and is null and void."

Plaintiff further alleged that she pays into court the sum of twenty-five dollars and tendered same to the de-

fendant. The petition was not verified. The evidence shows that at the time plaintiff paid the filing fee, the sum of twenty-five dollars was deposited with the clerk of the circuit court for the use and benefit of the defendant.

The answer is as follows:

"Comes now the above named defendant, and for its answer to plaintiff's petition in the above entitled cause, admits that on or about the 28th day of June, 1922, plaintiff became and was a passenger on defendant's train, and that when said train arrived at or near Alvo, Nebraska, the coach in which plaintiff was riding became derailed. Defendant further admits that said plaintiff claimed to be slightly injured as a result of said derailment and that by reason of said claim of plaintiff said defendant, at the solicitation of said plaintiff, agreed to and did pay said plaintiff the sum of twenty-five dollars ($25) in full settlement of her said claim and obtained from plaintiff her voluntary written release, by the terms of which defendant was released and discharged from all claims and demands for all damages resulting from any and all injuries received or claimed to have been received by plaintiff as a result of said derailment, a copy of which release is hereto attached, marked Exhibit "A", and made a part hereof.

"Further answering, said defendant denies all and singular the allegations in said plaintiff's petition contained."

The answer was verified, the affidavit stating "that the release hereto attached is a full, true and complete copy of the original release, signed and executed by plaintiff as hereinbefore stated." A copy of the release is filed with the answer. The reply consists of a general denial unverified. Thereafter defendant filed a motion for judgment upon the pleadings, which was overruled. The case went to trial before a jury.

We think the motion for judgment on the pleadings should have been sustained. Section 1415, Revised Statutes 1919, provides as follows:

"When any petition or other pleading shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof, by answer or replication, verified by affidavit."

Defendant having pleaded the release and plaintiff having failed to deny the execution of the release under oath, the motion for judgment on the pleadings should have been sustained. [Leahy v. Mercantile Trust Co., 247 S. W. 396, 402.] There are some instances where a release is set up in the answer and fraud in the procurement of the release is pleaded in the reply, it is not necessary for the reply to be verified. Nothing is set up in the reply in this case in the way of fraud in the procurement of the release, the reply merely consisting of a general denial. The reply need not be verified when it admits the execution of the release but attempts to avoid the same on the ground of fraud as an inducement to the procurement of the release. [Childeris v. Northern Pac. Ry. Co., 218 S. W. 441.] In that case the reply admitted the signing of the release but sought to avoid the same on the ground of fraud. In the case at bar there is no admission of the signing of the release, either in the petition or in the reply. Plaintiff, in answering defendant's point that she should have tendered the twenty-five dollars to the defendant prior to the institution of her suit if she sought to avoid the release on the ground of fraud, contends that fraud in the procurement of the release in the case at bar was *inherent* in the execution of the instrument and therefore there was no meeting of the minds of the parties and, hence, no contract. Consequently, plaintiff argues under the authority of Malkmus v. Cement Co., 150 Mo. App. 446, and Loveless v. Cunard Mining Co., 201 S. W. 357, she was not required to tender the twenty-five dollars before bringing her suit. This, for the reason that there was no release in fact executed.

215 Mo. App.—32.

But plaintiff insists that she anticipated the defense by pleading fraud in the procurement of the release in her petition, plaintiff apparently attempting to bring herself within the provision of section 1238, Revised Statutes 1919. It has been held that this statute—". . . is liberal in allowing releases of this character to be set aside, and this may be done without proving fraud in its technical sense. . . . It is sufficient to show that through pain and suffering, distraction of mind, and poverty, the person misled was not in a condition to realize the antagonistic position of the adversary, or to cope with him in making a bargain." (Hubbard v. Lusk, 181 S. W. 1028, 1029, 1030.) But the allegation in the petition concerning fraud in the procurement of the release is no part of plaintiff's cause of action. The statute section 1220, Revised Statutes 1919, provides, among other things "that the petition shall contain . . . a plain and concise statement of the facts constituting a cause of action." Section 1239 Revised Statutes 1919, provides—

"No allegation shall be made in a pleading which the law does not require to be proved, and only the substantive facts necessary to constitute the cause of action or defense shall be stated."

Even though plaintiff in her petition anticipated the defense, if defendant desired to rely upon such defense, it was necessary for it to plead the same in its answer. [Hudson v. Wabash Western Ry. Co., 101 Mo. 1, 29, 30; Northrup v. Miss. Valley Ins. Co., 47 Mo. 435.] And plaintiff should have alleged matters in the reply showing that the defense pleaded was not a good one. It is bad pleading under the code for plaintiff in her petition to anticipate a defense, especially that of a release of the cause of action, unless such matter is really a part of plaintiff's cause of action. [Latta v. Miller, Admr., 109 Ind. 302, 306.]

As we have stated, the release alleged to have been signed by plaintiff herein is no part of plaintiff's cause

of action but is a matter of defense. It is certain that plaintiff could not raise an issue of fraud in the obtaining of the release under the provisions of section 1238, Revised Statutes 1919, by anticipating the defense in her petition as that section provides for the raising of the issue in the reply. This section was enacted so that that character of fraud in obtaining a release, that is, fraud inuring in the release, which required a court of equity to set aside before plaintiff's suit on her cause of action could be tried before a jury, could be tried as a suit at law along with plaintiff's main cause of action. [Wessel v. Waltke & Co., 190 S. W. 629.] However, even prior to the passage of this statute, the issue of fraud could be tried before a jury in the trial of plaintiff's cause of action where the fraud *inhered* in the procurement of the release; or, in other words, where the facts showed that on account of fraud there was, in fact, no meeting of minds and therefore no contract. Under such circumstances, as we have before stated, it is necessary in a case where a pleading is founded upon an instrument in writing, such as a release of plaintiff's cause of action, that the opposite party deny the execution of the release under oath, or its execution will be taken as confessed. [Beck, etc., Company v. O'Bert, 54 Mo. App. 240, 245, 246; Avery Company v. Powell, 174 Mo. App. 628, 632.]

It will be noted that plaintiff even in her petition does not allege that no release was executed but merely that she is informed that defendant claims that the paper she signed was a release. It may be, we need not say, that this pleading on this ground alone is bad for indefiniteness. An allegation of plaintiff's information and belief as to the existence of a fact essential to her cause of action is bad. [Nichols & Shepard Co. v. Hubert, 150 Mo. 620, 625.] To allow a plaintiff in his petition to anticipate the defense and when that defense is set forth in the answer to fail in his reply to make any defense thereto, would be extremely bad practice, in

that, it would tend to bring about a situation in many cases where the issues to be tried would be difficult to ascertain. However this may be, it is certain that plain-tiff cannot avoid the statute requiring a denial of the execution of an instrument under oath by anticipating a defense by stating in her unverified petition that she is informed that defendant will claim that the instrument she signed was a release, and setting up facts showing fraud inhering in the procuring of the release, or, in other words, that there was in fact no release executed.

Even should plaintiff claim that there was a release but that fraud inured in the execution of the release, then she did not plead the fraud in the reply. We think it beyond question that if the execution of a release is admitted and plaintiff desires to have the release set aside in a court of law for fraud, that the fraud must be pleaded in the reply as provided by section 1238, Revised Statutes 1919. [Och v. Railway, 130 Mo. 27; Wessel v. Waltke & Co., supra.]

Plaintiff does not claim that she attempted to com-bine in her cause of action founded on defendant's negli-gence a cause of action in equity to set aside the release. No equitable relief is prayed for and plaintiff expressly disclaims any such intention.

Plaintiff insists that the answer fails to plead the release now relied upon by the defendant, but merely al-leges that it ''admits'' certain facts alleged in the peti-tion, and then attempts to admit that plaintiff was slight-ly injured and that she received the sum of twenty-five dollars in full settlement of her claim, and defendant was released and discharged from her cause of action, while the petition does not allege any facts and that defend-ant cannot admit things not pleaded as facts in the pe-tition. Grammatically construed, the answer might be said to bear out the construction put upon it by plaintiff. However, we think from reading the answer it is quite apparent what defendant means. It means to admit that plaintiff was a passenger upon the train and at-

tempts to admit that she was slightly injured but is bad as such an admission as the petition charges that she was severely injured. However, it can hardly be construed as alleging otherwise than as a positive fact that defendant obtained from plaintiff her voluntary release. It apparently intends to allege that this· settlement was made at plaintiff's solicitation and upon plaintiff's representation that she was slightly injured. The reason why the release was executed is only inducement, the material part of the answer is the allegation that a voluntary release of plaintiff's cause of action had been made upon a consideration.

We think that the court erred in failing to sustain defendant's motion for judgment on the pleadings. The case will, therefore, be reversed and the cause remanded, and it is so ordered. All concur.