Brownlee-Moore Banking Company, Appellant, v. Cecil L. Henderson.—139 S. W. (2d) 483.

Division Two, May 4, 1940.

*West & Mattes* for appellant.

*Owen & Thurlo* for respondent.

1204

LEEDY, J.—This is a suit on two promissory notes charged to have been executed by respondent and her former husband, Andrew B. Henderson. The latter made default. We will refer to the parties as they were styled in the trial court. Upon a trial before a jury in the Sullivan Circuit Court, on change of venue, a directed verdict was returned in favor of plaintiff on both counts of the petition. Defendant's motion for new trial was sustained, and plaintiff appealed to the Kansas City Court of Appeals. That court transferred the cause here because the amount involved exceeded its monetary jurisdiction.

The petition is in conventional form. Defendant's answer expressly "admits that she signed the promissory notes herein sued on, and described in the first and second counts of plaintiff's petition." For further answer and as a defense, she alleged fraud in the inducement of the notes, and her incapacity to contract by reason of insanity. Plaintiff introduced the notes in evidence and rested. The defendant took the stand in her own behalf, but the court sustained plaintiff's objection to the introduction of any evidence in support of her answer for the reason it was not verified, and therefore, insufficient "to put in issue any defense." Her counsel sought to amend by verifying the answer, which, on plaintiff's objection, was denied. The court then instructed the jury to find for plaintiff on both notes for the sum of the principal of said notes, together with interest thereon, less any payments found to have been made. Such a verdict was returned, and judgment went accordingly. Defendant's motion for new trial was filed, and sustained, the court assigning as the reason therefor "that the allegations of fraud in the answer are, in the judgment of the court, good as an equitable defense and that the court erred in refusing to permit the defendant to offer evidence thereunder."

Without setting out the answer *in haec verba,* it is conceded that as to the fraud attempted to be charged, it contains in substance and effect the elements upon which this court, in Security Savings Bank v. Kellems, 321 Mo. 1, 9 S. W. (2d) 967, upheld a decree cancelling the notes there in suit on the ground of fraud. Plaintiff's first contention is that the answer required verification, under Section 965, Revised Statutes 1929 (sec. 965, Mo. Stat. Ann., p. 1235). That section provides in part, "When any petition or other pleading shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof, by answer or replication, verified by affidavit." Construing this section, it was said by GOODE, J., in Wollman v. Loewen et al., 96 Mo. App. 299, 70 S. W. 253, "The statute requiring the execution of an instrument which is the foundation of a party's action and is alleged to have been executed by the opposite party, to be denied by a verified pleading on pain of having its execution adjudged confessed (R. S. 1899, sec. 746) *relates only to the signing and delivery of the instrument* and does not exclude defenses based on other grounds. [Hart v. Harrison Wise Co., 91 Mo. 414.]" (Italics ours.)

True, it has been held that *fraud in the execution* of the instrument sued on cannot be relied on if the answer is not verified. [Avery Co. v. Powell, 174 Mo. App. 628, 161 S. W. 335; Beck, etc., v. Obert, 54 Mo. App. 240.] It is principally upon the authority of these two cases that plaintiff relies. It is clear that they are not in point because

the fraud here alleged is not of the same character as that in judgment in those cases. There the fraud averred related to the *execution* of the instruments, as distinguished from fraud in the *inducement*, as in the case at bar. The distinction obtaining between fraud in the *inducement* and that which inheres in the *execution* of an instrument is well recognized, as the opinion in Och v. M., K. & T. Ry. Co., 130 Mo. 27, 31 S. W. 962, so clearly points out. This case is ruled by the authority of that line of cases of which Childeris v. Northern Pacific Ry. Co. (Mo. App.), 218 S. W. 441, is typical. The Childeris case ruled the precise point here under consideration. It was there said, "An examination of the statute above referred to, as well as the decisions of our courts, leads us to the conclusion that it was not intended by said statute to require verification of a denial or a reply in cases of this kind, in order that the defense of fraud, especially as to the inducement, may be interposed, but it is only intended to mean, and so states, that in case there is no verification, 'the execution of such instrument shall be adjudged confessed.' . . .

"We are of the opinion that defendant was not entitled to judgment on the pleadings. Plaintiff admits the execution of the release set out in the defendant's answer, but if its execution was induced or obtained under the circumstances claimed in his reply, then there was fraud of such character as to render the release void, and such defense may be made even though the reply is not verified and the execution of the release confessed. [Hammerslough v. Cheatham, 84 Mo. 13; Fenn v. Reber, 153 Mo. App. 219, 132 S. W. 627.] In this case *fraud in the inducement* is alleged in plaintiff's reply, and, if plaintiff's testimony is to be considered, there was sufficient facts upon which to submit this theory of the case to the jury." (Italics ours.)

Likewise, it was held in Meeker v. C., R. I. & P. Ry. Co., 215 Mo. App. 492, 255 S. W. 340, that the reply need not be verified when it admits the execution of the instrument alleged in the answer, and attempts to avoid the same on the ground of fraud as an inducement to the procurement of the release. See, also, Wollman v. Loewen, supra; Forsythe v. Horspool (Mo. App.), 28 S. W. (2d) 401 (record quashed on certiorari, but on other grounds, 328 Mo. 327, 40 S. W. (2d) 611); Forsythe v. Horspool (Mo. App.), 49 S. W. (2d) 687 (record quashed on certiorari, but on other grounds, 334 Mo. 196, 65 S. W. (2d) 923).

 Moreover, in determining the sufficiency of the answer, and the action of the trial court in sustaining the motion for new trial on the ground assigned, our approach has been in the light of the rule that "when the sufficiency of an answer is first questioned by an objection to the introduction of the evidence, it will be liberally construed and held sufficient if it can be said fairly to raise a defense." [8 Am. Jur., sec. 964, p. 570.] In this situation, and in view of our

holding, it becomes unnecessary to consider whether the other defense, that of insanity, is open to the attack made upon it. The judgment is affirmed, and the cause remanded. All concur.